[No. 5907.]

# RICHARD D. MARLOW *v.* ELLEN E. BARLEW, JOHN M. BARLEW, AND HANNAH JANSEN.

PROMISSORY NOTE BY MARRIED WOMAN.—A married woman has power to make a promissory note, and execute a mortgage of her separate real estate to secure its payment.

SAME—JUDGMENT OF FORECLOSURE.—In an action brought upon the note and mortgage, the usual judgment may be rendered against her for the amount due on the note, and ordering that the mortgaged premises be sold, and a judgment be docketed for the deficiency.

TITLE ADVERSE TO MORTGAGOR.—In an action to foreclose a mortgage, a title claimed adversely to the mortgagor cannot be litigated.

APPEAL from the District Court of the Third Judicial Dis-trict, County of Alameda.

The complaint alleged that John and Ellen Barlew were husband and wife; that Ellen executed and delivered to plaintiff a promissory note February 3rd, 1877, to secure which a certain mortgage was made by her on said day. This action was brought to foreclose the mortgage. Hannah Jansen was made a party, as claiming an interest in the mortgaged premises. The facts are fully set forth in the opinion. The plaintiff had judgment, and the defendants appealed.

*E. M. Gibson,* for Appellants.

Can a married woman make a valid note without the signa-ture of her husband, which will authorize a general money judg-ment against her? The Legislature could not have intended such a departure from the common law and the former rule in

this State, as to give the wife power to bind herself where she has no separate estate, or where there is no separate property referred to. . The law of this State, before the Codes went into effect, was that there could be no personal judgment against the wife. (*Miller* v. *Newton*, 23 Cal. 555.) This Court has intimated the same since the adoption of the Codes. (*Terry* v. *Hammond*, 47 Cal. 35.). The Code gives the wife the right to contract "respecting property." (Civil Code, sec. 158.) But a personal promise is not respecting property, and such a contract is not upheld by the Code. Her power of attorney to her agent must be acknowledged separate and apart from her husband, otherwise it is void. (Civil Code, secs. 1094, 1186, 1191.)

It is apparent that the husband could thus make good use of his personal influence over the wife, and by forcing her to sign a note, dispose of her property, which she herself could not sell without an acknowledgment separate and apart from her husband and his influence. The deficiency judgment is therefore unauthorized, and the judgment should be modified to that extent, at least.

*S. F. Lieb*, for Respondent.

Can a wife make a note and mortgage on her separate property without her husband's signature?

It is clear she can. If unmarried, no one would doubt her power in that respect. And under our statute her power is just as broad and full when married as when unmarried. (Civil Code, sec. 158.)

Can she make a valid note, unsecured, upon which a general judgment against her can be rendered?

She can make a contract for the payment of money, though it is unsecured and unsigned by her husband. A general judgment can be rendered against her thereon, although it can only be enforced against her separate property. (Civil Code, secs. 158, 171, and 167 as amended.)

We were therefore entitled to the judgment for the deficiency.

By the Court, RHODES, J.:

Action to foreclose a mortgage of real estate.  On the 3rd day of July, 1874, John Hansen and Hannah Hansen, being the owners, as husband and wife, of certain community property, including the mortgaged premises in controversy, united in the execution of a deed purporting to convey all their community property to William Nelson, in trust, to the effect that he should convey to John Hansen a certain portion of the community property, including the mortgaged premises, to hold as his separate property, and also that he should convey to Hannah Hansen the remaining portion of the community property, to hold as her separate property.  Nelson thereupon, and in pursuance of the deed of trust, executed deeds, whereby he purported to convey to the respective parties the portion of the community property to which each was entitled, according to the terms of the deed of trust.  Hannah Hansen also executed a deed purporting to convey the mortgaged premises to John Hansen, her husband, as his separate property; and thereafter he devised the same to Ellen E. Barlew, one of the defendants, who afterwards executed the promissory note, deed, and mortgage in suit.  It is alleged in the complaint that Hannah Hansen claims that the above mentioned deeds were ineffectual to vest the title to the mortgaged premises in John Hansen in severalty, and that she is the owner of the undivided half thereof.  The note and mortgage in suit were executed by Ellen E. Barlew alone; but her husband is made a defendant, and also Hannah Hansen.  The defendants severally filed general demurrers to the complaint.  The demurrers were overruled, and the plaintiff had judgment against Ellen E. Barlew for the amount due upon the note; and it was also ordered that the mortgaged premises be sold for the satisfaction of the amount due, and if there should be a deficiency after the sale, that a judgment therefor be docketed against her.  It was also adjudged, in the usual form, that the defendants claiming, etc., subsequent to the mortgage, be forever barred and foreclosed, etc.

Can a married woman make a promissory note and secure its payment by the execution of a mortgage of her separate real

estate?   It is provided by sec. 158 of the Civil Code that
"either husband or wife may enter into any engagement or
transaction with the other, or with any other person, respecting
property, which either might if unmarried."   The words, "*any
engagement or transaction respecting property*" are sufficiently
comprehensive to include a promissory note or mortgage; they
may not be the most apt to express the legislative intent, but
there is no room for doubt that it was the intent to give married
women the same power and capacity to contract that an un-
married woman possesses, subject to certain limitations and
restrictions mentioned in the Code.   Previous to the adoption
of the Code, she could mortgage her real estate, provided the
husband united in its execution, but under the Code his signa-
ture is unnecessary.   She was deprived of the capacity to make
a contract for the payment of money by sec. 167 of the Code
as first adopted; but the section was repealed in 1874.   The
limitations and restrictions upon her capacity to contract, and
the special provisions respecting the mode in which she was
required to contract, as provided by the laws formerly in force,
were designed not only for her protection in dealing with third
persons, but also for her security against the improvidence,
coercion, undue influence, or fraud of her husband.   But the
Code has abrogated almost all of those limitations and restric-
tions, and has relieved her from the disabilities under which she
formerly labored, and in respect to her property and contracts
has taken away the sort of supervision or control which the
husband formerly exercised.   The rents, issues, and profits of
her separate property become her separate property; and she
may "convey her separate property" without the consent of
her husband.   (Sec. 162.)   Her earnings are her separate prop-
erty.   (Secs. 168 and 169.)   She and her husband may hold
property as joint tenants, tenants in common, or as community
property.   (Sec. 161.)   They may "alter their legal relations"
as to property, and may, in writing, agree to an "immediate
separation, and may make provision for the support of either
of them and of their children during such separation."   (Sec.
159.)   The property in respect to which they may "alter their
legal relations" would seem to include property held by them,

as mentioned in sec. 161—in joint tenancy, tenancy in common, and as community property, and perhaps such as is, or would become, the separate property of either. The "legal relations" which they occupy as to property must include the ownership, possession, and the power to transfer, incumber, and charge the property, present and future. In making contracts altering their "legal relations" as to property, no other or different capacity is given to the husband than to the wife, nor is any different mode prescribed for the wife—except that the acknowledgment of her conveyance of real estate must be made as provided in secs. 1093 and 1191. The separate property of the husband is not liable for the debts of the wife contracted before marriage, (sec. 170) but her separate property is liable for her debts contracted before or after marriage. (Sec. 171.) She may sue or be sued alone, when the action concerns her separate property, or her claim or right to the homestead, or is between herself and her husband; or when she is living separate and apart from her husband. (Sec. 370, Code of Civil Procedure.)

In *Wilson* v. *Wilson*, 36 Cal. 447, it was held that the wife could maintain an action against her husband upon a promissory note made before marriage. In view of the foregoing provisions of the Codes, and others that might be mentioned tending to show the removal of the disabilities of coverture, it would seem beyond all question that the wife has competent power to make a promissory note and execute a mortgage of her real estate to secure its payment. If she is under any disability in this respect, she has not the capacity of an unmarried woman in making contracts—or entering into engagements or transactions—respecting her property, as conferred upon her by sec. 158. The making of promissory notes and the execution of mortgages are among the most common and ordinary contracts respecting property; and in view of the almost entire removal by the Codes of the common-law disabilities incidental to coverture, a married woman should not be denied the capacity to contract in that mode unless the prohibition is clearly indicated by the Code. In my opinion, the defendant Ellen E. Barlew had competent capacity to execute the note and mortgage, and they are binding upon her and her interest in the mortgaged property.

*Parry* v. *Kelly*, 52 Cal. 334, is clear authority to the point that a married woman is as competent to execute a mortgage as a *femme sole ;* and it was also held that her mortgage of the community property was not void in the extreme sense.

Is the defendant Ellen E. Barlew liable to a personal judg ment for the amount due upon the promissory note, and for the sale of the mortgaged premises, and for the deficiency that may remain after the sale? The answer is obvious. The usual responsibility upon the note and mortgage accompanies the power of their execution, there being nothing in the Code limiting the responsibility.

The remaining question discussed by counsel—Whether the husband and wife have power, by deeds through a trustee, or directly to each other, of portions of the community property, or by both of those modes, to vest the title of the respective portions in the grantee in severalty?—although from what has already been said it may not be difficult of solution, cannot be authoritatively decided at this time, because it does not arise in the case. In an action to foreclose a mortgage, a title claimed adversely to the mortgagor cannot be litigated. (*Hitchcock* v. *Clark*, No. 4810, Oct. Term, 1875.)* The judgment, as rendered, does not affect the title alleged to be claimed by Hannah Hansen.

Judgment affirmed.

Mr. Chief Justice WALLACE and Mr. Justice NILES expressed no opinion.

* A rehearing was granted in this case, and the final decision was rendered without an opinion.