[No. 9783. Department One.—September 28, 1885.]

W. F. GOAD, APPELLANT, *v.* LINA MOULTON ET AL., RESPONDENTS.

DEED—FORM AND EFFECT—CONSIDERATION—HINDERING AND DELAYING CREDITORS—LEGAL TITLE. —No consideration need be expressed in a deed of conveyance in order to give it effect, nor is it material that the deed was intended to hinder and delay creditors, so far as its sufficiency to pass the legal title is concerned.

MARRIED WOMAN—CAPACITY TO CONTRACT—PROMISSORY NOTE—HOLDER FOR VALUE. —In this State, a married woman may enter into any engagement or transaction respecting property, which it would be competent for an unmarried woman to enter into, and her capacity in this respect extends to the making of a promissory note for a consideration or the accommodation of another person; and such a note may be enforced by a holder for value against her separate estate, though taken by him with notice of the circumstances under which it was given.

APPEAL from a judgment of the Superior Court of the county of Colusa, and from an order refusing a new trial.

The facts are stated in the opinion.

*H. M. Albery,* for Appellant.

Consideration need not be expressed in a deed. (3 Wash. Real Prop. 3d. ed. p. 320, and cases cited; *Campbell* v. *Whitson,* 18 Am. Rep. 555; *Den* v. *Hawks,* 5 Ired. 30; *Cathcart* v. *Robinson,* 5 Peters, 264; *Miller* v. *Marckle,* 21 Ill. 152; *Larabee* v. *Carlton,* 53 Me. 211; Boone on Real Prop. § 292). A voluntary conveyance made without consideration, and to defraud creditors, is good as between the parties. (1 Story Eq. Juris. § 371, and cases cited; *Campbell* v. *Whitson, supra; Goward* v. *Waters,* 98 Mass. 599; Boone on Real Prop. § 292, and cases cited.) A married woman in this State can contract with the same binding force as if she were a *femme sole.* (*Wood* v. *Orford,* 52 Cal. 412; *Marlow* v. *Barlew,* 53 Cal. 459; *Cartan* v. *David,* 18 Nev. 310.)

*Hart & White,* for Respondents.

BELCHER, C. C.—This is an action upon a promissory note, made by the defendant Lina Moulton to the defendant D. L. Moulton, and by him indorsed to the plaintiff.

The case was tried before a jury, and the verdict and judgment were in favor of the defendants.

The plaintiff moved for a new trial, and his motion was granted as to the defendant D. L. Moulton, and denied as to the defendants Lina and L. F. Moulton.

The plaintiff appeals from the judgment and the order in so far as it denied his motion for a new trial, and the defendant D. L. Moulton appeals from the order granting a new trial as to him.

By their answer the defendants alleged that the defendant D. L. Moulton, being at the time financially embarrassed, was advised by the plaintiff, who was his attorney, for the purpose and with the intent to delay his creditors, to transfer and convey, without consideration, all his property to the defendant Lina, and that she should hold the same until a settlement was made with his creditors, or until their claims should be barred by the Statute of Limitations, and then reconvey it; that the plaintiff

further advised and directed that in order that it might appear that a proper and sufficient consideration for the transfer of the property had been paid, and that the transfer had been made in good faith and not to hinder and delay creditors, the note in suit should be made and indorsed and then left with him; that in pursuance of the plaintiff's advice, the defendant D. L. Moulton conveyed his property to the defendant Lina, and then the note was made, indorsed, and given to the plaintiff, but without any consideration therefor, and with the express understanding and agreement that it should never be presented for payment.

At the trial it appeared that the defendant Lina was the daughter of defendant D. L., and the wife of defendant L. F. Moulton, and that she and her husband resided on a farm, distant somewhere between twelve and twenty miles from the land conveyed to her by her father, and that in December, 1880, she had conveyed the land so conveyed to her to one Harris, for the expressed consideration of $16,000.

D. L. Moulton was called as a witness for the defendants and testified substantially to all the facts set up in the answer, and then against the objection of the plaintiff was permitted further to testify that he never delivered possession of any property under the deed to Lina, and that she never received any benefit from the sale of the land, and never got any property out of the whole transaction.

The foreman on the ranch of the defendant L. F. Moulton was then called as a witness, and referring to the land conveyed to defendant Lina, was asked: "Now state whether or not that land ever came under the dominion or control, or whether any occupation or exercise of control or use of that land was had by Mrs. Lina Moulton?" And again he was asked: "Was anything said to you, or did you ever have any directions from any one there—Mr. Moulton or Mrs. Moulton—respecting any action to be taken regarding this particular land?"

Harris, the purchaser of the land, was also called as a witness, and referring to the land conveyed to him by defendant Lina, was asked: "Did you find her in possession of that property when you went there?"

These questions were all objected to by the plaintiff as irrele-

vant, incompetent, and immaterial, and the objections were overruled and exceptions taken.

The plaintiff was called as a witness in his own behalf, and testified that he was not the attorney of the defendants, and that he did not advise the making of the conveyance to defendant Lina, or know of its being made till some time after its execution; that D. L. Moulton was indebted to witness and witness was urging payment; that Moulton told witness he had conveyed his land to Lina, and that she owed him $2,500 for the purchase money; that Moulton asked witness to accept her note in payment, and he agreed to do so; that the note was accepted by him in good faith in payment of an indebtedness of an equal amount, the evidences of which were at the time surrendered and canceled; and that it was never agreed or understood that the note was not to be presented and paid at its maturity.

It is very evident, we think, that the court erred in admitting the testimony objected to.

The deed to defendant Lina was a good and operative deed, notwithstanding no consideration was expressed in it (§§ 1092, 1614, Civ. Code; 2 Hilliard on Real Property, 3d ed. 291), and it passed the legal title of the property to her, whether it was made to hinder and delay creditors or not.

She had power to make her promissory note for a part or all the purchase money, and to obligate herself for its payment, and a note so made, in the hands of an innocent purchaser for value before its maturity, is valid and binding upon her, whatever may have been the arrangement between herself and her father about its payment.

The real issues before the jury were: Did the plaintiff receive the note in suit without consideration and knowing it was not to be paid, as testified to by D. L. Moulton, or did he receive it in good faith and for its face value, and expecting it to be paid at its maturity, as testified to by him?

Upon these issues the testimony objected to was wholly irrelevant and immaterial, and tended to mislead the jury.

At the request of the defendants the court instructed the jury as follows:—

"If the jury believe from the evidence that the note sued on,

and introduced in evidence, was executed by Mrs. Lina Moulton, for the accommodation of D. L. Moulton merely, and without consideration, and that at the time she was a married woman, and that the plaintiff knew such facts, then he cannot recover."

The instruction in effect told the jury that if Mrs. Moulton was a married woman, and without consideration executed the note for the accommodation of D. L. Moulton, and the plaintiff knew these facts, then their verdict must be for the defendants. This was error.

In this State a married woman may enter into any engagement or transaction respecting property which she might if unmarried. (§ 158, Civ. Code.) A promissory note is an engagement respecting property which a married woman may make, though it can be enforced only as against her separate property. (*Marlow* v. *Barlew,* 53 Cal. 456; *Alexander* v. *Bouton,* 55 Cal. 15.)

If Mrs. Moulton had been unmarried she could have made a promissory note for the accommodation of her father, without receiving any consideration for so doing, and the note so made, in the hands of one who received it for value, would, beyond question, have been valid and binding upon her, though the holder knew how and why it was made.

But the fact that she was married does not at all change the rule or limit her power in this respect.

It does not appear why the court below granted the motion for new trial as to the indorser of the note and denied it as to the maker. There was no reason for granting it as to one and not the other, except that defendant Lina was a married woman, and, therefore, as claimed by counsel, not bound by her note. Being bound by it, as we have seen, if the testimony was insufficient to justify the verdict as to one, it was equally so as to both, and the new trial should have been granted as to both.

In our opinion the judgment and order as to defendant Lina Moulton should be reversed and the cause remanded for a new trial, and the order as to defendant D. L. Moulton should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order as to defendant Lina Moulton are reversed and cause remanded for a new trial, and the order as to D. L. Moulton is affirmed.

Hearing in Bank denied.