## W. S. COOPER AND ALMA L. COOPER v. THE BANK OF INDIAN TERRITORY.

1. MARRIED WOMAN—*Promissory Note—Power to Make.* The statute of this Territory which provides: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried," empowers the wife to join with her husband in making a promissory note for his own debt or obligation, and she is bound thereby.

2. PROMISSORY NOTE—*Contract for Extension of Time.* The wife may also bind herself by the provisions of a promissory note, signed by herself and her husband giving to the legal holder of the note the right to extend the time at the request of any one of the signers.

3. SAME—*Attorney's Fee—Excessiveness Thereof.* A ten per cent. attorney's fee for bringing suit upon a note, and to foreclose a mortgage securing the same, where the note which is set out in the mortgage expressly stipulates for such fee, is not excessive.

*Error from the District Court of Logan County.*

Action by the Bank of Indian Territory against W. S. Cooper and Alma L. Cooper, upon a promissory note and mortgage. Judgment for the plaintiff for the sum of $760, and attorney's fee of $76, and the foreclosure of the mortgage. From which the defendants appeal. Affirmed.

*Baker & DeBois*, for plaintiffs in error.

*Asp, Shartel & Cottingham*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: The Bank of Indian Territory brought its action in the district court of Logan county upon a promissory note of W. S. Cooper and Alma L. Cooper,

his wife, and to foreclose a real estate mortgage to secure the note. The note provided for an extention of time being made at the request of any one of the signers thereof, and a ten per cent. attorney's fee, in case the same should be placed in the hands of an attorney for collection.

The defendants demurred to the petition, which was overruled, and they then answered that W. S. Cooper and Alma L. Cooper were husband and wife, and that the debt for which the note was executed was wholly the debt of the husband, and that the clause providing for an extension of time was not binding on Alma L. Cooper.

The plaintiff moved for judgment on the pleadings, which was sustained, and judgment rendered for the amount due on the note, ten per cent. attorney's fee, and the foreclosure of the mortgage. And the cause is brought here on error to review this judgment.

Although W. S. Cooper joins in this appeal, there was no objection raised to the correctness of the judgment below as to him, but the entire complaint is made by Alma L. Cooper, and her principal contention is that, as she was the wife of W. S. Cooper, and as the debt for which the note was given and the mortgage to secure the same was made, was entirely the debt of W. S. Cooper, she cannot be bound by her contract to pay the sum promised by her in this note, and that a personal judgment cannot be rendered against her.

Our statute, on the subject of husband and wife, § 2968 of the Laws of 1893, provides:

"Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons

occupying confidential relations with each other as de-
fined by the title on trusts."

This is the California statute, which was adopted into
the laws of the territory of Dakota, and adopted, from
that territory, into the laws of this Territory, and which
has been retained as a part of the laws of the states of
North and South Dakota, and has been frequently con-
strued.

In the case of *Good v. Moulton*, 67 Cal. 536, 8 Pac.
63, the trial court had given this instruction:

" If the jury believe from the evidence that the note
sued on and introduced in evidence was executed by Mrs.
Lina Moulton for the accommodation of D. L. Moulton
merely, and without consideration, and that at the time
she was a married woman, and that the plaintiff knew
such facts, then he cannot recover."

The court held:

"This was error.   In this state a married woman may
enter into any engagement or transaction respecting
property which she might if unmarried.   (Section 158,
Civil Code.)   A promissory note is an engagement re-
specting property which a married woman may make,
though it cannot be enforced only as against her sepa-
rate property.   (*Marlow v. Barlew*, 53 Cal. 456; *Alex-
ander v. Bouton*, 55 Cal. 15.)   If Mrs. Moulton had
been unmarried she could have made a promissory note
for the accommodation of her father without receiving
any consideration for so doing, and the note so made, in
the hands of one who received it for value, would, be-
yond question, have been valid and binding upon her
though the holder knew how and why it was made.   But
the fact that she was married does not at all change the
rule or limit her power in this respect."

The California construction placed upon this statute is
followed, and the case of *Good v. Moulton* quoted from
and approved, in the state of North Dakota in the case
of *Colonial & United States Mortg. Co. v. Stevens*, 55
Northwestern 578.   In this case the court said:

" This statute is very broad in its language.    It is true that the contract must be one  respecting  property; but we cannot assent to the view that  it must  relate  to the married woman's separate property.    It would have been easy to have said so in express terms had  such been  the purpose of  the lawmaking  power.    When the legislature has established the single and  simple test that the  contract must be one respecting property generally, we have no right to amend the  law, and thereby inject into the act a  further  limitation which will  exclude  many contracts respecting property.    To add another limitation by inter-pretation would  ignore the  drift of legislation on  the subject of  the rights and liabilities of  married  women."

The state of South Dakota has also given  to this stat-ute  the same  construction as is given to it in the states of California and North Dakota.  (See *Colonial & United States Mortg. Co. v. Bradley*, 55  Northwestern,  1108; *Granger v. Roll*, 62 Northwestern, 970.)

These  several constructions of this statute of the three states are clear, positive and uniform; and  we  are cited to the decisons of no state, which, if it has the same statute, has  given  it a  different  construction; and,  as these constructions  harmonize, and  give  to the statute the  obvious  intention of  the legislature, we can see  no reason why  the courts of this Territory should  depart from it.

It would  be an idle waste of  time for us to review, in this opinion, the  cases  cited  by  counsel for  plaintiff in error from the supreme courts of Michigan, Indiana and Arkansas, in their attempt  to show  that a different  con-struction from that  to which we  hold  should be  placed upon the statute in  question.    The very first  reading  of the statutes on which those decisions are based show that they  are not in language, point or  purpose. even  similar to our statute.

This statute which the plaintiff  in  error  asks us to

construe against the right of Alma L. Cooper to bind herself by her contract, has substantially placed the wife on an equality with the husband in making property contracts. She can make them to the same extent, and with the same force and validity that the husband can. And of course this carries with it the same duty and the same obligations to carry out and perform these contracts. For us to say that she cannot be required to perform these contracts would, for all future cases at least, be to say that she has not the power to make them; for no sane person would enter into a contract with one whom the courts would say could not be required to perform it. Contracts are effectual only as they create binding obligations; and obligations are binding only where they can be enforced. We would be taking away a substantial right of the married woman of this Territory if we gave to this statute the construction asked for. And this we are prohibited from doing by § 2978, which provides:

"From and after the passage of this act, woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone: *provided*, that this act shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law."

And by § 773:

"All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights."

And, without any definition of the words, " all per-

sons" would include married women, as well as single women and men. But our statute, § 2676, has expressly defined the word "person" to include not only "human beings," but corporate entities. And the exception in the statute of all persons who are capable of contracting, does not exclude married women from making contracts.

By § 2971 the wife is given the power to hold property, real or personal, as a joint tenant or tenant in common with her husband, and dispose of the same without the consent of her husband. She is given, by these various statutes, the power to acquire and hold real and personal property, and to convey the same, and to make contracts either with her husband or other persons, and the right to be protected in her legal existence and personality to the same extent as a man. These rights conferred upon the married women by our legislation cannot be enforced, unless upon her is imposed the corresponding liability and duty of honestly performing her contracts, for a right without a liability is little regarded, and of little consequence.

We cannot give to the statute the construction asked for by the plaintiff in error. To do so would not only be to disregard the opinions of the well-considered cases of the supreme courts which we have cited, where the same statute was construed, but would be declaring that this Territory has taken a step backward in the course of modern legislation, which a fair construction of our statutes would not warrant us in saying the legislature has done.

The judgment of the court holding binding that part of the contract contained in the note, to permit either party to extend the time for the payment of the note, and to pay ten per cent. attorney's fees in case of enforced collection, was only giving effect to the contract

itself.    There could hardly be any question as to the excessiveness of the attorney's fee, when the amount adjudged was expressly stipulated for by the parties themselves.

The judgment of the court below is affirmed.

Dale, C. J., having presided in the case below, not sitting; all the other Justices concurring.