[Civ. No. 3602.  Second Appellate District, Division One.—June 28, 1921.]

## C. C. STAFFORD, Appellant, v. EDWIN F. HILL et al., Respondents.

[1] TRADE ACCEPTANCES—SIGNATURE BY WIFE—CONSIDERATION—EX-TENSION OF TIME OF PAYMENT.—Where goods were sold to a hus-band upon an open account which had become due, subject only to the vendor's promise that he would take acceptances therefor signed by the husband and wife payable at such future dates as should be agreed upon, the waiver by the vendor of his right to demand immediate payment of the account constituted a sufficient consideration for the signature of the wife to such acceptances.

[2] ID.—LAWS GOVERNING—IDENTITY OF DRAWER.—Trade acceptances are governed by the state laws relating to ordinary drafts or bills of exchange, and are within the rule that they may be signed by the acceptor before the name of the drawer is filled in, and the drawer may be anyone whom the acceptor may accept as such.

[3] ID.—SIGNATURE OF—MISAPPREHENSION OF LEGAL EFFECT—LIA-BILITY.—One who signs a trade acceptance, either as an acceptor or as a guarantor, is not excused from liability thereon by reason of misapprehensions concerning the facts or concerning the legal effect of the signature knowingly placed upon such acceptance, in the absence of proof of incompetence or fraud.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John M. York, Judge.  Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

J. Vincent Hannon for Appellant.

Herbert Cutler Brown for Respondents.

CONREY, P. J.—In this action the complaint states three causes of action separately on three several bills of exchange, and a fourth cause of action on an account for merchandise sold by the plaintiff to the defendants.  By reason of bankruptcy proceedings pending against the de-fendant Edwin F. Hill, prosecution of the action against

---

3.  Fraud or mistake regarding legal effect of wife's signing con-tract with husband, note, L. R. A. 1918A, 496.

him was stayed, and the case proceeded to trial to determine the liability of defendant Frances B. Hill. Judgment having been entered in her favor, the plaintiff appeals therefrom.

The defendants are husband and wife. The complaint alleged that at all times mentioned therein, the defendants were associated together and engaged in the dairy business, conducting said business under the fictitious name of ''Arden Dairy, Certified.'' Upon sufficient evidence the court found that Mrs. Hill was not interested or associated in the said dairy business; that her only relation thereto was that which a wife ordinarily has in the business affairs of her husband; and that the merchandise sold and delivered, as set forth in the findings, was sold and delivered to the defendant Edwin F. Hill only. The goods sold and delivered which are represented in the open account set forth in the fourth cause of action were so sold and delivered between the eighteenth day of November and the sixth day of December, 1918. The defendant Frances B. Hill never received any of said goods and never at any time agreed to pay therefor. The judgment in her favor, so far as that cause of action is concerned, is fully justified.

Prior to November, 1918, the plaintiff, who was then engaged in the hay and grain business, was selling to Edwin F. Hill, and delivering from time to time at the Arden Dairy, hay and grain supplies. By agreement between them, the account was settled from time to time by agreed balances for which accepted bills of exchange were executed by Hill, payable at such future times as were then mutually agreed upon between them. These were in the form known as ''trade acceptances.'' On or about the sixth day of November there were two outstanding acceptances which had been issued in the early part of October, each for the sum of $1,088.81, not then due, together with an outstanding open account for goods delivered. Thereupon and at that time it was agreed between the plaintiff and Hill that Hill should have his wife sign the future trade acceptances with him. Mrs. Hill was not present at the making of this agreement nor was the same made known to her. This agreement having been thus made, the plaintiff continued to furnish merchandise to Hill, so that on November 23, 1918, there was owing from Hill on the open account the sum of $2,594.82

for goods furnished from the thirtieth day of October to the seventeenth day of November. At that time the plaintiff presented to Hill a statement of this account together with two unsigned trade acceptances, each dated November 23, 1918, each for the sum of $1,297.42. The second and third counts of the complaint are based upon these two accept- ances. One of these was made due on December 20, 1918, and the other on January 5, 1919. In both of these the name of the drawer was left blank. In each of them, in the space provided for the name or names of the drawee, were typewritten the words "Arden Dairy Cert.," and underneath, the words "Edwin F. Hill—Frances B. Hill." Hill having signed these bills as acceptor, they were also signed, at his request, by his wife as acceptor. Hill did not explain to Mrs. Hill the intent or meaning of her signature, or discuss the matter with her other than to ask for her signature. Each bill was in the form of a draft in which were written the words "The obligation of the acceptor arises out of the purchase of goods from the drawer." At the top of each paper were the words "Trade Acceptance." After these acceptances were delivered to the plaintiff, he wrote on one of them his own name as drawer, and caused the name of "Nicholls-Loomis Co.—J. E. Loomis, Sec." to be placed on the other bill as drawer thereof. This was done by the secretary of that company, to which the plain- tiff was then indebted. Thereafter the Nicholls-Loomis Company assigned and transferred said acceptance to the plaintiff. The Nicholls-Loomis Company had not, in fact, sold any merchandise to Hill, but had only made sales to the plaintiff. The obligation evidenced by said acceptance arose out of merchandise furnished by plaintiff alone to Hill. Frances B. Hill did not at any time purchase goods or merchandise from the Nicholls-Loomis Company, or owe it any money (unless she became indebted by reason of her signature to said acceptance). The placing on said accept- ance of the name or signature of Nicholls-Loomis Co. as the drawer thereof was without the knowledge of defendants or either of them. The plaintiff was not present when defend- ant Frances B. Hill wrote her name across the face of said acceptances of November 23, 1918, nor at the interview be- tween defendants concerning the same. It was found by the court "that defendant had never, before the placing of

her signature upon the face of the said two acceptances of date November 23, 1918, signed any notes or bills of exchange or commercial paper for or with her husband, save on a few occasions when she had signed notes secured by mortgages; that she was not familiar with banking or commercial usages; that she believed that the placing of her signature upon the trade acceptances was a matter of formality required of her as the wife of defendant, Edwin F. Hill, because of her interest in the community property; that she did not at any time know or believe that she might be binding or affecting her separate estate." The court further found "That the principal if not the sole purpose of plaintiff in requesting that these and the other Trade Acceptances be given was that the open accounts might be placed in negotiable form for discount at his bank or banks; that the consideration for the two Trade Acceptances dated November 23, 1918, was the goods delivered and the services rendered by plaintiff between the thirtieth day of October, 1918, and the eighteenth day of November, 1918, as set forth in the statement rendered defendant Edwin F. Hill on the twenty-third day of November, 1918; that it does not appear that any receipt was ever given by plaintiff for the payment in full or in part of said open account, nor was the said statement of account or bill therefor marked as paid; that the two Trade Acceptances of date November 23, 1918, were a transfer of the form of the open account, the total amount of which they together covered, and that no new or additional consideration was given therefor."

Upon these facts the court found that there was no consideration for the signature of Mrs. Hill upon these acceptances, and that the plaintiff was not entitled to recover judgment against her thereupon, notwithstanding the fact that none of the amounts sued for have been paid.

[1] The statement in the findings of fact, and in the conclusions of law, that no new or additional consideration was given for these acceptances is an incorrect conclusion drawn by the court from the other facts found. An extension of time granted for payment of an existing obligation is a valuable consideration for the new promise. Here the goods were sold upon an open account which had become due subject only to the vendor's promise that he would take acceptances therefor payable at such future dates as should

be agreed upon. A large part of the goods had been furnished upon the additional understanding that the purchaser would procure the signature of his wife to those acceptances. Except for the performance of that promise on the part of the vendee, the vendor would not have been under obligation to receive the acceptances and would have been entitled to demand immediate payment of the account. Under these circumstances it cannot successfully be maintained by respondent that there was no consideration for her signature to those instruments. (*Burkle* v. *Levy,* 70 Cal. 250, [11 Pac. 643] ; *Rohrbacher* v. *Aitken,* 145 Cal. 485, 489, [78 Pac. 1054] ; *McDonald* v. *Randall,* 139 Cal. 246, 256, [72 Pac. 997, 1000].) In the case last cited, the court said: ''But if A and B had agreed at the time the note was made that a surety should be obtained on the note, the fact that the surety may have signed a week or a month after the delivery of the note would not affect its validity as to him, if he signed in pursuance of the original agreement.'' We are of the opinion that upon the specific facts found—which are well sustained by the evidence—the court was not justified in finding that there was no consideration for the signature of Mrs. Hill, placed by her upon these acceptances, or upon the acceptance next to be discussed.

[2] Counsel for respondent in his argument sought to differentiate these instruments from ordinary bills of exchange by reason of the fact that they were executed in the form of trade acceptances conforming to the requirements of the Federal Reserve Act [39 Stats. 752]. The pertinent provisions of that statute are found in section 13 thereof. (See Fed. Stats. Ann., 2d ed., 1918 Supp., p. 470, [U. S. Comp. Stats., 1919 Supp., sec. 9796].) We find nothing, either in that law or in the regulations made thereunder by the Federal Reserve Board, sufficient to change the character of the acceptances as bills of exchange, or to change the obligations arising therefrom, so far as the parties to this action are concerned. There is, therefore, no merit in the contention of counsel that trade acceptances are not to be governed by the state laws relating to ordinary drafts or bills of exchange, and that they are not within the rule that an ordinary draft may be signed by the acceptor before the name of the drawer is filled in, or that a drawer may be anyone whom the acceptor may accept as such. A nego-

tiable instrument may be drawn payable to the order of a payee who is not a maker, drawer or drawee. The bill may be accepted before it has been signed by the drawer or while otherwise incomplete. (Civ. Code, secs. 3089, 3219.)

The first cause of action set out in the complaint arises out of an acceptance dated December 11, 1918, due January 20, 1919, in like form as those heretofore discussed except that respondent, Frances B. Hill, signed the same on the back thereof as guarantor instead of signing on the face as an acceptor. The due date was actually written as January 20, 1918, but that was a mutual mistake of the parties, the intended date being January 20, 1919. The circumstances under which this instrument was executed are as follows: On the eleventh day of December, 1918, one of the two October acceptances (each for the sum of $1,088.81) became due, and the other was past due. The plaintiff called at the home of the defendants with these two acceptances and stated to Hill that he was badly in need of money. Hill replied that he would take up one of these acceptances if plaintiff would extend the time on the other. The plaintiff agreed to this. Mrs. Hill was not present in the room during this conversation and did not hear the same. Hill gave plaintiff a check for the amount of one of these trade acceptances then due. Thereupon plaintiff handed to Hill a new blank form of trade acceptance, the blank spaces already partially filled in in typewriting, and Hill entered the date December 11, 1918, as the date thereof, and $1,101.73 as the amount thereof, and January 20, 1918, as the date of payment. This is the date which the court finds was intended to have been written January 20, 1919, and was the date to which the plaintiff agreed to extend payment of the trade acceptance in lieu of which it was given. Hill thereupon signed the instrument as acceptor. Mrs. Hill was then called into the room and plaintiff handed to her said new trade acceptance and requested her to sign the same. As she was about to sign the same across the face of the instrument beneath the signature of her husband, the plaintiff told her she should sign on the back thereof. She replied that she had signed the other trade acceptances across the face. Plaintiff replied that the other signatures were a mistake and that she should have signed them on the back. Defendant, Frances B. Hill, being then greatly wor-

ried over the condition of her husband, who was ill and in bed, and being anxious that he be not further disturbed or annoyed, signed the same on the back thereof at the place indicated by the plaintiff, and under words printed or stamped thereon which stated that she guaranteed payment thereof. Hill did not, and had not, agreed that Mrs. Hill was to sign on the back of the instrument as guarantor, or otherwise, and did not know that she had done so until some weeks later. Neither the plaintiff nor Hill explained to Mrs. Hill that in signing her name on the back of this instrument she might be liable as a guarantor, or that she could or would thereby involve or affect her separate estate. Mrs. Hill believed that in placing her name on the back of said instrument she was doing no more than she had done before in placing her name under that of her husband as acceptor on the trade acceptances of November 23, 1918. She believed that the placing of her signature on the back of said trade acceptance was merely a matter of formality required of her as the wife of Hill and because of her interest in the community. She did not at that time know or believe that by so placing her signature on the trade acceptance she was or might be in any manner involving or affecting her separate property or estate. The foregoing statement of facts concerning said instrument of date December 11, 1918, is taken from the findings of fact. The court further found: ''That the said Trade Acceptance bearing date December 11, 1918, for the principal amount of $1,101.73 was given by defendant, Edwin F. Hill in lieu of a Trade Acceptance previously given by said defendant, Edwin F. Hill, to plaintiff, in the amount of $1,088.81; that the principal sum of the Trade Acceptance dated December 11, 1918 was made up of the sum of $1,088.81, being the principal sum of the said Trade Acceptance previously given, and the sum of $12.72, being interest on said last named sum to December 11, 1918; that the said defendant, Frances B. Hill had not signed or placed her signature in any manner upon the said Trade Acceptance for the principal sum of $1,088.81 in lieu of which the said Trade Acceptance of date December 11, 1918, was given and upon the back of which Trade Acceptance of date December 11, 1918, said defendant Frances B. Hill had placed her signature; that said Trade Acceptance of $1,088.81 was

given by defendant, Edwin F. Hill to plaintiff in the early part of the month of October, 1918, and represented the agreed value of certain goods delivered and services rendered by plaintiff to defendant, Edwin F. Hill prior to the giving thereof, and at the latter's instance and request.'' The court further found: ''That plaintiff did not, in order to induce defendant, Frances B. Hill, to place her signature upon the back of the Trade Acceptance dated December 11, 1918, as a guarantor thereof, with intent to defraud said defendant or otherwise, advise and represent to her that her signature was required of her solely as the wife of defendant Edwin F. Hill, or solely as a matter of formality to perfect in any way the signature of her husband, but on the contrary, the only representations made by plaintiff to defendant Frances B. Hill were those hereinbefore set forth.''

[3] From the facts thus found, the defense of the respondent Mrs. Hill, based upon her claim that her signature was obtained by means of fraudulent representations made by the plaintiff, is not sustained. The plaintiff was not responsible for her misapprehensions concerning the facts or concerning the legal effect of her signature knowingly placed by her upon these drafts. It is not established that she was incompetent to transact business, or that the plaintiff had any part in the conversations by which Mrs. Hill was by her husband induced to give the use of her name in these transactions.

There are numerous specifications of insufficiency of the evidence to sustain the findings, but these need not be discussed. For the reasons herein stated, we are satisfied that the findings are insufficient to support the judgment.

The judgment, in so far as it relates to the fourth cause of action, is affirmed. As to all other parts thereof, the judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1921.

All the Justices concurred, except Angellotti, C. J., who was absent.