## C. I. T. CORPORATION v. SANDERSON.

### No. 4119.

District Court, D. Idaho, E. D.

Aug. 25, 1930.

L. E. Glennon, of Salmon, Idaho, for petitioner.

Ralph Albaugh, of Idaho Falls, Idaho, for respondent.

CAVANAH, District Judge.

The C. I. T. Corporation, a California corporation, files its involuntary petition in bankruptcy against Maude C. Sanderson, a married woman, praying that she be adjudged a bankrupt upon the ground that she is insolvent, and while so has committed acts of bankruptcy in conveying, within four months preceding the filing of the petition, certain real property owned by her in her own name and as her sole property, for the purpose and with the intent to defraud petitioner, her principal creditor, and preferring the Pacific Finance Corporation, another of her creditors.

The indebtedness of the bankrupt to the petitioner arises out of an alleged liability as a guarantor on a written instrument signed by her while she was residing in Idaho in which she, with others, in consideration of an extension of credit to the Sanderson Motor Car Company guaranteed the payment of all sums advanced by petitioner to the Sanderson Motor Car Company. After the instrument was signed by her and three other persons in Idaho, guarantors, it was forwarded by them to the petitioner at San

Francisco, Cal., who accepted it, and thereafter advances of money were made by petitioner to the Sanderson Motor Car Company in the sum of $17,426.32, which is unpaid for the reason of the insolvency and inability of the Sanderson Motor Car Company to meet its financial obligations.

Since the petition has been amended there remains but one question for decision on the motion to dismiss, which is: Whether a contract signed by a married woman, resident and domiciled in the state of Idaho, and forwarded for acceptance and completion to the other party thereto in the state of California, shall be enforced in the state of Idaho, although such contract would be invalid if governed by the laws of Idaho. It seems settled under the laws of Idaho that the disability of a married woman to enter into contracts has not been removed except where she contracts for her own use or benefit or in reference to the management and control or for the use and benefit of her separate property. Bank of Commerce v. Baldwin, 12 Idaho, 202, 85 P. 497; Meir & Frank Co. v. Bruce, 30 Idaho, 732, 168 P. 5. While under the laws of the state of California the rule is to the contrary, for a married woman there may bind herself by contract even though the transaction does not respect her separate property. California (Civil) Code, vol. 1, § 158; Wood v. Orford, 52 Cal. 412; Goad v. Moulton, 67 Cal. 536, 8 P. 63; Burkle v. Levy, 70 Cal. 250, 11 P. 643. And such is the case where she enters into a contract as surety or guarantor. Anderson v. Shaffer, 98 Cal. App. 457, 277 P. 185; Stafford v. Hill, 53 Cal. App. 337, 200 P. 33.

The current of authority is fairly uniform in holding that the validity of a contract is to be determined by the law of the state in which it is made; if it is invalid where made, it is invalid everywhere. In Scudder v. Union National Bank, 91 U. S. 406, 412, 23 L. Ed. 245, this principle is clearly stated: "Matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." Andrews v. Pond, 13 Pet. 65, 10 L. Ed. 61. Milliken v. Pratt, 125 Mass. 374, 28 Am. Rep. 241; International Harvester

Co. v. McAdam, 142 Wis. 114, 124 N. W. 1042, 26 L. R. A. (N. S.) 774, 20 Ann. Cas. 614.

The chief contention of the petitioner is that although the bankrupt was a resident and domiciled in the state of Idaho at the time she signed the guaranty contract, yet it contains a provision that "it is to be construed according to the laws of the state of California," and that its execution was not completed until accepted by the petitioner in California, which fixes the place of its entering into in that state. To make it a complete contract it had to be accepted by the C. I. T. Corporation, which was done in the state of California. The final acceptance of the guaranty contract by the petitioner was an act in contemplation of every person who signed it, was a necessary step to complete the execution of it by the guarantors, and to make it valid and binding between the parties. Holder v. Aultman, Miller & Co., 169 U. S. 81, 18 S. Ct. 269, 42 L. Ed. 669; Aultman, Miller & Co. v. Holder (C. C.) 68 F. 467. Its acceptance and delivery there were essential to a meeting of minds and its completion, which brings it under the general rule that a contract is considered as entered into at the place where the offer is accepted and delivery made, or where the last act necessary to complete its performance, and as the last act necessary to the completion of the contract of guaranty in question was the forwarding of it to San Francisco, Cal., for acceptance by the C. I. T. Corporation, it must be regarded that the place where the contract was made was in the state of California where a married woman can legally make such a contract as we are considering. 13 C. J. 580, 5 C. J. 935, Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Aultman, Miller & Co. v. Holder (C. C.) 68 F. 467; Holder v. Aultman, Miller & Co., 169 U. S. 81, 18 S. Ct. 269, 42 L. Ed. 669; Lawson v. Tripp, 34 Utah, 28, 95 P. 520.

In the case of Clark v. Belt (C. C. A.) 223 F. 573, 577, it is said: "The test of the place of a contract is as to the place at which the last act was done by either of the parties essential to a meeting of minds. Until this act was done there was no contract, and upon its being done at a given place the contract became existent, and became existent at the place where the act was done. Until then there was no contract. 2 Wharton on the Conflict of Laws (3d Ed.) § 422a." Tested by the above rule the contract of guaranty

here was a California contract. The Supreme Court of Idaho says there is nothing wicked or contrary to public policy or violative of the state statutes in permitting a wife's separate property to become liable for the payment of a valid contract made by her in a sister state. Meir & Frank Co. v. Bruce, supra.

In the case of Mitchell v. First National Bank of Chicago, 180 U. S. 471, 21 S. Ct. 418, 45 L. Ed. 627, cited by counsel for the bankrupt, the question involved was as to whether the judgment entered in the state court of Connecticut, in an action between the same parties, concluded the bank in a subsequent suit between them, and the Supreme Court adhered to the general rule that it did, and called attention to the conclusion reached by the state court. A reading of the opinion in that case will also disclose that the guaranty signed by the married woman was signed in the state of Connecticut and delivered there to her husband, who then sent it by mail to the bank in Chicago. The bank, before the guarantors signed the instrument, had agreed to continue giving credit, upon the condition that the firm of Morse, Mitchell & Williams and its individual members, together with Mrs. Mitchell, would execute the guaranty contract which it directed to be prepared. In other words, the bank had agreed first to give the credit upon the guaranty contract being executed by the guarantors. The last act necessary to the completion of the contract was done in the state of Connecticut, where Mrs. Mitchell resided and where the state court had held in a previous action between the same parties that she was not liable; while in the present case the facts are different, as the guaranty contract was first conceived and signed by the bankrupt in Idaho, and then forwarded to California for acceptance of the petitioner, leaving the last act to be done by one of the parties to the contract before it was completed in California. The suggestion is urged that the moment the bankrupt signed the guaranty contract it became a completed contract, and she was liable thereunder. Such is not correct, because she did not become liable, nor the contract completed, until there was a meeting of minds of both parties thereto, which required the acceptance by and delivery of the contract to the petitioner in San Francisco. Cal.

In reaching the conclusion that the contract of guaranty here was one entered into and covered by the laws of the state of California and is valid and binding on the bankrupt under the laws of that state, it follows that the motion to dismiss must be overruled.