[Civ. No. 4452.   Third Appellate District.—November 18, 1931.]

R. G. JOHNSTON, Respondent, v. ROBERT WOLF et al., Appellants.

Andreani, Haines, Bisher & Carrey for Appellants.

Goudge, Robinson & Hughes, David A. Sondel and Francis W. Read for Respondent.

JAMISON, J., *pro tem.*—This action was upon a trade acceptance drawn by the Brent Furniture Company in favor of defendant and indorsed by defendant to the Pacific National Bank before maturity, for value, who took the same in good faith and became a holder in due course thereof.

This trade acceptance was drawn on December 8, 1925, for the sum of $680.75, was accepted by defendant and payment thereon was due on March 8, 1926. While the said bank was the owner of said trade acceptance and holder in due course and prior to its maturity, it placed said instrument in the mail for transmittal to the Florence National Bank, at which said trade acceptance was payable. Said instrument was lost during its transmission by mail and never was found. After said loss the Pacific National Bank assigned its claim arising under and by virtue of said trade acceptance to plaintiff for collection after the maturity thereof; that prior to the maturity of the trade acceptance, but after its transfer to said bank, defendant paid same in full to said Brent Furniture Company.

Plaintiff had judgment, from which defendant appeals.

Appellant contends that the judgment should be reversed for the reasons that respondent's cause of action is upon a chose in action and is therefore subject to all equities in favor of all prior parties; that the action is upon a claim arising under a trade acceptance which was assigned to respondent after maturity and without consideration and because the original trade acceptance was a non-negotiable instrument. In support of this last contention he cites *Westlake Mercantile Finance Corp.* v. *Merritt*, 204 Cal. 673 [61 A. L. R. 811, 269 Pac. 620]. In that case the trade acceptance contained the words, "The obligation of the ac-

ceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with original terms of purchase.'' The Supreme Court there held that the words ''maturity being in conformity with the original terms of purchase'' rendered the date of maturity uncertain and dependent upon another contract and for this reason rendered it non-negotiable.

In the trade acceptance under consideration the words which appellants claim render it non-negotiable are as follows: ''The obligation of the acceptor arises out of the purchase of goods from the drawer.''

However, in the case of *Allenberg* v. *Rapken & Co.*, 108 Cal. App. 99 [291 Pac. 281], the draft recited that the obligation of the acceptor arose out of the purchase of goods from the drawer. The court there held that the recital merely imported that it referred to the origin or consideration of the instrument and not that the interest was subject thereto, and cited many authorities from other jurisdictions holding that the recital was but a statement of the transaction which gave rise to the instrument and did not render it non-negotiable.

Section 3084, subdivision 2, of the Civil Code, provides that an unqualified promise to pay is unconditional though coupled with a statement of the transaction which gives rise to the instrument.

This trade acceptance is a negotiable instrument similar to an inland bill of exchange and is governed by the law relating to negotiable instruments. (*Stafford* v. *Hill*, 53 Cal. App. 337 [200 Pac. 33].) Appellants contend that the assignment to respondent after maturity destroyed the negotiability of the trade acceptance. This contention is without merit. Section 3138 of the Civil Code provides that:

''A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.''

And section 3139 of said code further provides that:

''A holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all of the rights of

such former holder in respect of all parties prior to the latter." (*Havens* v. *Foskett,* 81 Cal. App. 653 [254 Pac. 642].)

Appellant next contends that respondent is not a holder in due course for the reason that before the assignment to him of said trade acceptance it was lost and never came into his possession.

■ It is a well-recognized principle of law that a person does not lose his right to a debt by losing the instrument containing the statement of his right. The writing itself does not give the right; it is only primary evidence thereof, and its loss or destruction in no respect changes the obligation of the parties. (16 Cal. Jur. 690; *Bagley* v. *Eaton,* 10 Cal. 126; 38 C. J. 249; *Bank of United States* v. *Sill,* 5 Conn. 106 [13 Am. Dec. 44].)

■ We are of the opinion that the assignment, for collection, of the trade acceptance by the Pacific National Bank, which was a holder in due course, to respondent after its loss, and after maturity, did not destroy its negotiability nor thereby render it a non-negotiable chose in action.

■ The assignment of the trade acceptance was made to respondent for collection. He thereby became the legal holder of the thing assigned, sufficient to entitle him to recover, the assignor retaining an equitable interest in the thing assigned; nor is it necessary to prove a consideration for the assignment. (*Greig* v. *Riordan,* 99 Cal. 316 [33 Pac. 913].)

Appellant claims that the evidence is insufficient to justify the decision. But in his brief he wholly fails to point out wherein this insufficiency exists. ■ If there is no specification of the particulars in which the evidence is insufficient the appellate court cannot review the question as to the sufficiency of the evidence to support the findings. (*Regoli* v. *Stevenson,* 179 Cal. 257 [176 Pac. 158]; *Newbury* v. *Lineberger,* 45 Cal. App. 556 [188 Pac. 72].)

The judgment is affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 18, 1931, and an

application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1932.

Shenk, J., dissented.