JOHN WAY vs. MARY D. PECK AND ANOTHER.

Where a married woman has signed a note with her husband, it will not be pre-
sumed, but must be shown, that the circumstances were such as to bring the
case within the statute making married women liable upon their contracts.

The declarations of the husband at the time the loan was made, as to the object
for which the money was borrowed, made to the lender, but in the absence of
the wife and without her authority, held not to be binding on her.

The fact that a part of the money loaned was deposited by the husband in a
bank to the credit of the wife, and drawn out by her in payment of bills for
an addition to her house, though significant as evidence that the loan was
obtained for the benefit of herself or her estate, yet held not to be equivalent
to a finding that it was so in fact.

ASSUMPSIT on a promissory note executed by the defend-
ants jointly and severally, they being husband and wife;
brought to the Superior Court in Fairfield County. The wife
alone made defence. The following facts were found by a
committee:

A short time prior to May, 1876, the plaintiff loaned
Samuel F. Peck, the husband of the defendant, Mary D. Peck,
several sums amounting to $300 in all, taking Peck's notes
for the amount.

In May, 1876, Peck applied to the plaintiff for a loan of
$700, stating that it was required to pay bills for an addition
which his wife was then building on a house belonging to her,
and offering, if the plaintiff would loan the $700, to give him
a joint and several promissory note executed by himself and
wife, for $1,000, including the $300 previously loaned him.

A few days afterwards, on May 15th, 1876, the plaintiff
accepted the proposition, gave Peck the $700 in money,
returned to him his notes for the $300, and received from
him the joint and several note of himself and wife for
$1,000, being the note described in the declaration.

The plaintiff had no interview with Mrs. Peck, but loaned
the $700 on the faith and credit of her signature to the note,
and upon the representations of her husband that the money
was to be used to pay for the addition to her house. She
signed the note without duress or coercion, believing that her

signature would induce the plaintiff to loan the money, and for the purpose of so inducing him.

Upon receiving the $700 from the plaintiff Mr. Peck at once deposited $280 of it to the credit of Mrs. Peck in the bank where she kept an account, and the same was on the same day checked out by her in payment of bills for the addition to her house. The house and the lot on which it stood were conveyed to her by its former owner on the 16th day of January, 1869, by a deed of warranty in the ordinary form. The evidence did not show what disposition was made of the rest of the money.

On these facts the case was reserved for the advice of this court.

*A. B. Woodward*, for the plaintiff.

*L. Warner* and *N. Taylor*, for the defendant.

`LOOMIS, J. To entitle the plaintiff to recover in this action, the facts appearing of record must bring the case within the provisions of the statute which makes a married woman liable "upon any contract made by her since her marriage, upon her personal credit, for the benefit of herself, her family, or her separate or joint estate." General Statutes, p. 417, sec. 9.

It seems to us that the finding is utterly barren of all statutory elements of liability, save one—that the loan was made on the defendant's personal credit.

If however the assumption in behalf of the plaintiff can be adopted, that the declarations of the husband as to the purposes of the contract, made to the plaintiff at the time of the loan, are true in fact, and are to be considered the declarations of the defendant also, then the contract would be one in relation to her estate and for its benefit, and would be binding upon her.

But if we apply the ordinary principles of agency, the declarations of the husband can be of no avail to the plaintiff, because it nowhere appears that the defendant authorized or ratified them, or knew that they had been made, or that her

purpose in signing the note with her husband was to benefit her estate.

It is true that it is found that two hundred and eighty of the seven hundred dollars was deposited by the husband in the bank to her credit, and that she afterwards drew her checks on the bank for the payment of bills incurred in respect to the addition to her house. This, as an evidential fact, has considerable significance, although it would have had more if the entire sum had been so deposited and used. It doubtless tends in some degree to prove the claim of the plaintiff that the contract was made for the wife's benefit or the benefit of her estate, but it is by no means a finding of the fact that it was so made, nor is it legally equivalent to such a finding, because it is possible to account for it on other hypotheses. The husband may have owed her that amount, or he may have given it to her without any expectation on her part of receiving it, or he may have kept his bank account in her name, and the bills paid by the money may have been contracted by him alone. The record being utterly silent as to the wife's real relation to the transaction, one supposition is as allowable as the other.

And this is the difficulty that confronts us all through the case; the purpose and understanding of the wife, and the relation of the transaction to her estate, are not at all disclosed, while the declarations of the husband in her absence and without her knowledge are put forward as if they were controlling facts.

So far as appears of record, the defendant's actual connection with the contract was simply the signing of the note at the request of her husband to induce the loan of the money. But this alone is clearly insufficient to constitute a binding contract. *National Bank of New England* v. *Smith,* 43 Conn., 327; *Smith* v. *Williams,* 43 Conn., 409.

We therefore advise judgment for the defendant.

In this opinion the other judges concurred.