COLONIAL & UNITED STATES MORTGAGE CO. *vs*, ORLANDO STEVENS, *et al.*

Opinion filed May 9th, 1893.

**Liability of Married Women as Surety.**

> A married woman is liable on a note signed by her as surety for her husband, although she does not charge her separate estate with the payment thereof.

Appeal from District Court, Cass County; *McConnell*, J.

Action by the Colonial & United States Mortgage Company against Orlando Stevens and Ellen A. Stevens on a note. From a judgment dismissing the case, plaintiff appeals.

Reversed.

*W. J. Kneeshaw*, (*Byron Abbott*, of Counsel) for appellant.

Section 2590, Comp. Laws, is a part of the Code prepared by the New York Commission. It was adopted by Dakota in 1886, by California in 1872, later by Nevada. It is the same as § 158 Cal. Code, and § 169 of Nevada Civil Code. The courts of each of these states passing upon this section have unequivocally held that a married woman is under no disability and can contract as if a *feme sole*. *Wood* v. *Orford*, 52 Cal. 412; *Marlow* v. *Barlew*, 53 Cal. 556; *Good* v. *Moulton*, 8 Pac. Rep. 63; *Burkle* v. *Levy*, 11 Pac. Rep. 643; *Cartan* v. *David*, 4 Pac. Rep. 61. A married woman makes contracts *sui juris* respecting specific property. *Yerkes* v. *Hadley*, 40 N. W. Rep. 340, 5 Dak. 324. The Supreme Court of Vermont and Minnesota upon similar statutes have held that a married woman's contracts are not affected by coverture. *Reed* v. *Newcomb*, 10 At. Rep. 539; *Dobbin* v. *Cordiner*, 42, N. W. Rep. 870. *Sandwich Mfg. Co.* v. *Zellmer*, 51 N. W. Rep. 379. Where the law gives a woman power to contract like a *feme sole*, the courts will hold her to her obligation to perform. *Orange Nat. Bank* v. *Traver*, 7 Fed. Rep. 149. Ellen A. Stevens is estopped from pleading in this case coverture and want of consideration. Pom. Eq. Jur. § 814. *Dobbin* v. *Cordiner*, 42 N. W. Rep. 870.

*Charles A. Pollock*, for respondents.

Statutes which have been enacted have been intended for the benefit of married women. Her incapacity to contract is a protection. *Yale* v. *Dederer*, 18 N. Y. 272. Brandt on Suretyship 5. A married woman can never be held without her contract is within the power conferred upon her by statute, and it is not the primary object of the statute to extend her liabilities, but to protect her property interests. Her general engagements having no reference at the time to her separate property, cannot be enforced against her separate estate. Wells. Sep. Prop. of Married Women, § § 319 to 323.

CORLISS J. We have to determine on this appeal a single question of law. The essential facts are few and simple. The defendant Ellen A. Stevens executed, as surety with her husband, a promissory note to the plaintiff. To secure the note, they both executed a mortgage upon the homestead of the husband. In neither the note nor the mortgage did the wife charge her separate estate with the payment of the amount of the note; nor did she in any other manner charge such estate with its payment. At the time the note was signed she owned no separate estate whatever. The action is brought against her upon the note. The only defense is that she is not liable thereon, because she was a married woman at the time the note was given. This defense was successful below. From the judgment dismissing the action the appeal to this court has been taken, and whether we affirm or reverse this judgment depends upon the question whether a married woman is liable on her contract under the circumstances existing in this case. The rule which renders her liable must be found in the statute, or it does not exist. At common law, and even under equitable rules, this contract would be void. It is unnecessary to restate the reasons which have been given for the doctrine which exempts married women from liability on their contracts. Neither is a citation of authorities to support this rule necessary. The reasons which gave birth to this rule, and the rule itself are familiar to bench and bar.

Whenever it is claimed that a married woman is liable upon

her contract, and the case does not fall within any exception to the general doctrine of nonliability known to courts of law or equity, we must return to statutory law for our guide. Several sections of our statutes are referred to by counsel for plaintiff as sustaining his contention that the defendant Ellen A. Stevens is liable upon the note which she signed as surety for her husband. The one which bears most directly upon the question is § 2590 of the Comp. Laws. It declares that "either husband or wife may enter into any engagement or transaction with the, other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts." This statute is very broad in its language. It is true that the contract must be one respecting property; but we cannot assent to the view that it must relate to the married woman's separate property. It would have been easy to have said so in express terms had such been the purpose of the lawmaking power. When the legislature has established the single and simple test that the contract must be one respecting property generally, we have no right to amend the law, and thereby inject into the act a further limitation which will exclude many contracts respecting proper. To add another limitation by interpretation would ignore the drift of legislation on the subject of the rights and liabilities of married women. The current runs steadily and strongly in the direction of emancipation of the wife, and of the imposition of responsibility commensurate with her increased rights. Why the words "respecting property" were inserted in the law it is not necessary to determine. It is sufficient for the purposes of this case to give full effect to them. This we do by holding that any contract respecting property is binding upon the wife, whether the agreement does or does not relate to her own separate estate. Some courts have looked upon the married women as needing protection from her husband in matters relating to property. We are not in accord with these

views, which regard the state as more friendly to the wife than her own husband, especially under the system which here prevails,—a system which recognizes her legal independence so far, at least, as property and the right to enter into contracts are concerned.    Increased rights bring increased responsibilities.    It is quite significant that in several of the states the married woman's power to contract is expressly limited to contracts relating to her separate property.    Here we have no such limitation in terms, and yet it is urged that these dissimilar statutes are to have the same interpretation.  On what principle this contention is based we are unable to discover.    A contract to pay money is a contract respecting property.    If it does not relate to property, then money is not property.    And to what else does such a contract relate if not to property?    But we are not without authority on this point.    Section 158 of the Civil Code of California is identical in its language with our § 2590 of the Comp. Laws.    In *Good v. Moulton*, (Cal.) 8 Pac. Rep. 63, the Supreme Court of that state held that a wife was liable upon a note signed by her as surety. We quote briefly from the opinion to show the scope of the decision.    After referring to an instruction which the trial judge had given, the court said: "The instruction, in effect, told the jury that if Mrs. Moulton was a married woman, and, without consideration, executed the note for the accomodation of D. L. Moulton, and the plaintiff knew these facts, then their verdict must be for the defendants.    This was error.    In this state a married woman may enter into any engagement or transaction respecting property which she might if unmarried.    Section 158, Civil Code.    A promissory note is an engagement respecting property which a married woman may make, though it can be enforced only as against her separate property.    *Marlow* v. *Barlew*, 53 Cal. 456; *Alexander* v. *Bouton*, 55 Cal. 15.    If Mrs. Moulton had been unmarried, she could have made a promissory note for the accomodation of her father without receiving any consideration for so doing; and the note so made, in the hands of one who received it for value, would, beyond question, have been valid

and binding upon her, though the holder knew how and why it was made. But the fact that she was married does not at all change the rule, or limit her power in this respect." The case is directly in point. No authority to the contrary can be found. The decision is in harmony with advanced ideas upon the subject. It accords with the spirit of our legislation touching married women. By various statutes her property has been rested from the control of her husband. He is no longer liable for her debts. She is made responsible for her own engagements. Sections 2589, 2593, 2594, Comp. Laws. The policy disclosed by all the legislation in this state upon the subject is to place the married woman upon the same footing as a *feme sole* with respect to her property and to her rights to make binding contracts. See, also, as tending to support our views, *Wood* v. *Orford*, 52 Cal. 412, and *Marlow* v. *Barlew*, 53 Cal. 456. We have no fear that, under the construction we have placed upon the statute, the wife will become the victim of the husband's machinations to strip her of her property for his own benefit. Nor would the denial of her power to bind herself for the payment of his debts afford her any protection as against her husband. It is always in her power to give him her entire estate, or to pay all his debts out of her separate property. The judgment is reversed, and the District Court is directed to enter judgment for plaintiff for the amount due upon the note, with costs. All concur.