COLONIAL AND UNITED STATES MORTGAGE CO., Limited, v. BRADLEY *et ux.*

1. ·By the provisions of Sections 5103, 4756, Comp. Laws, the findings of the court constitute a part of the judgment roll, and are properly before this court on an appeal from the judgment.

2. By Section 2590, of the Comp. Laws, which provides that "either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried," a married woman is authorized to execute a promissory note with her husband, and she is liable thereon though the note is given for the individual debt of the husband.

(Syllabus by the court.   Opinion filed August 2, 1893.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action on a promissory note by the Colonial & United States Mortgage Company, Limited, against George Bradley and Eva D. Bradley. Plaintiff had judgment against defendant George Bradley alone, and from the judgment dismissing the complaint as to defendant Eva D. Bradley it appeals. Reversed.

· The facts are stated in the opinion.

*Alva Taylor* and *John L. Pyle*, for appellant.

A married woman is liable upon a note executed by her jointly with her husband, the proceeds of which went wholly to the husband. §§ 2590, 2594, 3282, 3496, 3600, Comp. Laws; Reed v. Newcomb, 10 N. E. 539; Good v. Maulton, 8 Pac. 63; Sellmyer v. Welch, 1 S. W. 777; Carton v. David, 4 Pac. 61; Barroll v. Tilton, 7 S. St. 332; Hitz v. Jenks, 8 Id. 143; Bank v. Sniffen, 7 N. Y. Sup. 520.

*Kirke W. Wheeler*, for respondent.

Upon the point that a wife is not liable upon a note executed by her jointly with her husband where the debt was that of the husband, counsel for respondent cited: Brown v. Orr, 29 Cal. 120; Davis v. Bank, 5 Neb. 242; Bank v. Scott, 4 N. W. 314; Witter v. Sowles, 38 Fed. 700; Jones v. Holt, 15 Atl. 214; Haydock v. Pier, 74 Wis. 582; Littlefield v. Dingwell, 39 N. W. 38; Reed v. Buys, 44 Mich. 80; Rodemyer v. Rodman, 5 Ia. 426; Patton v. Kinsman, 17 Ia. 428; Jones v. Crosthwait, 17 Ia. 393; Sweazy v. Kammer, 51 Ia. 642; Wolf v. Van Meter, 19 Ia. 134; Johnson v. Sutherland, 39 Mich. 579; Lyons v. Leimback, 29 Cal. 139; Ins. Co. v. McClellan, 43 Mich. 564; Carton v. David, 4 Pac. 61.

CORSON, J.   This was an action to recover the amount of a promissory note executed by the defendants.  Judgment was rendered against the defendant George Bradley, but the complaint was dismissed as to the defendant Eva D. Bradley. From the judgment dismissing the action as to Eva D. Bradley the plaintiff appeals.

The action was tried by the court who found the following facts: ''First.  That at the time of making the note and contracting the indebtedness hereinafter mentioned the defendants George Bradley and Eva. D. Bradley, were husband and wife. Second.  That the defendants, on the 1st day of March, 1884, at Huron, territory of Dakota, made their promissory note in writing, dated on that day, and thereby promised to pay to John Bellerby or order, the sum of   *   *   *   with interest at

the rate of 6½ per cent per annum, payable December 1st in each year, evidenced by coupon notes attached to the said principal note. Third. That said note and coupons were duly assigned for a valuable consideration by said John Bellerby to the plaintiff prior to the maturity of said notes, and that plaintiff is a corporation duly authorized to take such assignment. Fourth. (Finds the amount due.) Fifth. That the indebtedness for which said notes and coupons were given was the individual debt of the defendant George Bradley, and did and does not relate to the separate property of Eva D. Bradley, the wife of the said George Bradley." Conclusions of law: "First. I find that George Bradley is indebted to plaintiff on said notes and coupons in the sum of four hundred thirty-nine dollars. Second. I find that no cause of action exists against the defendant, Eva D. Bradley.

Before proceeding to discuss the main question, it will be necessary to dispose of a preliminary question, raised by the learned counsel for respondent. He contends that, as there is no bill of exceptions in the case, the findings are not properly before this court for review. In taking this position we think the counsel has overlooked the provisions of our statute. The appeal from the judgment brings up for review the judgment roll, and the findings constitute a part of this roll. Section 5103, Comp. Laws, provides that the judgment roll, in cases where there is an answer, shall consist of: (2) " * * * The summons, pleadings, or copies thereof, and a copy of the judgment, with any verdict," etc. And Section 4756 provides that "the word 'verdict' includes not only the verdict of a jury, but also the findings upon the facts of a judge or of a referee appointed to determine the issues in a case." It will thus be seen that the findings of the court are properly a part of the judgment roll, and properly before this court.

Upon the findings and judgment only one question is presented for our consideration, and that is, did the court err in dismissing the complaint as to the wife, Eva D. Bradley, upon

the facts as found by the court?   The theory upon which the court rendered judgment in favor of the wife evidently was that, as a feme covert, she could not legally bind herself by signing a promissory note with her husband, when the indebtedness did not concern her separate estate, and when it was not found that she had any separate property.   The decision of the question presented involves  the construction of the statute of this state conferring upon married women the authority to make contracts binding upon them.   Section 2590, Comp. Laws, reads as follows:   "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts." It will be observed that the language of this section is broad and comprehensive, and includes the authority to enter into any engagement or transaction with any person which an unmarried woman might enter into, limited only by the provision that the contract must be "respecting property," and the limitation as to contracts between husband and wife.   The learned counsel for the respondents contends that, the authority of a married woman to enter into contracts being limited to contracts "respecting property," this limitation should be construed to mean her separate property; but to so construe the limitation would require us to interpolate into the section terms that are not found in the section, which this court would not be authorized to do.   It must be  presumed that if the legislature intended to so limit the authority of married women to contract, it would have inserted such qualifying words into the section.   Again, the counsel contends that when it does not affirmatively appear that a married woman has separate property, her common law disability to contract is not removed; but we think this position is untenable.   The language of the section does not, in our

opinion, admit of such a construction. The construction contended for would also require us to insert qualifying words not found in the section. Construing this section in connection with the other sections of the chapter in which it is found, especially Section 2594, we are of the opinion that it was the intention of the legislature to give to married women full authority to enter into any and all contracts respecting property, and to remove their common law disability as to their power to contract obligations binding upon them, and that their authority to enter into a contract is not dependent upon the existence or nonexistence of separate property. This seems to be the view taken by the supreme court of California of the section of their code identically the same as the one we are considering. Goad v. Moulton, 67 Cal. 536, 8 Pac. Rep. 63. In that case the court says: "In this state a married woman may enter into any engagement or transaction respecting property which she might if unmarried. A promissory note is an engagement respecting property which a married woman may make, though it can be enforced only as against her separate property." The supreme court of North Dakota has also reached a similar conclusion in construing the same section of the Compiled Laws we are now considering. Mortgage Co. v. Stevens, 55 N. W. Rep. 578. We may add that the section of our statutes as above construed by us is in harmony with recent legislation of several of the states upon the subject of the power of married women to enter into contracts. New York, in 1884, passed a law conferring upon married women full authority to make any and all contracts that they could make if unmarried, except certain special contracts with their husbands. Bank v. Sniffen (Sup.) 7 N. Y. Supp. 520. Vermont has followed New York, and removed all the common law disabilities of married women to make contracts. (Reed v. Newcomb, 59 Vt. 630, 10 Atl. Rep. 593;) and Massachusetts has followed in the same line. (Major v. Holmes 124 Mass. 108; Binney v. Bank, 150 Mass. 574, 23 N. E. Rep. 380.) The construction, therefore, given by us to our statute,

conforms to the prevailing spirit of the age, and to the law as found in the statutes of states recognized as among the most conservative in the character of their legislation. Our conclusion is that Eva Bradley, the defendant, in executing the note in controversy with her husband, entered into a contract that she was fully authorized to make, and is liable upon the same. The judgment of the circuit court in favor of the defendant Eva Bradley is reversed, and the cause remanded, with directions to the said court to modify its second conclusion of law to make it conform to this opinion, and to enter judgment in favor of the plaintiff and against said defendant, Eva Bradley.