MILLER *et al.* v. PURCHASE *et ux.*

By Section 2590, Comp. Laws, which provides that "either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried," a married woman is authorized to execute a promissory note with her husband; and she is liable thereon, though the note is given for the individual debt of the husband.

(Syllabus by the Court.   Opinion filed April 3, 1894.)

Appeal from circuit court, Marshall county.   Hon. A. W. CAMPBELL, Judge.

Action on a promissory note by John G. Miller & Co. against Herbert S. Purchase and Rhoda Purchase, his wife. The action was dismissed as to Rhoda Purchase, and plaintiffs appeal.   Reversed.

The facts are stated in the opinion.

*Turner & McCoy (William E. Church, of Counsel)*, for appellants.

*James Wells*, for respondents.

CORSON, P. J.   This was an action upon a promissory note executed by the defendants as makers.   The defendants answered and the material part of the answer as to the defendant Rhoda Purchase is as follows:   "The defendant Rhoda Purchase alleges, as a separate defense, that she is not liable on said note for the reason that she is a married woman; that the defendants are husband and wife, and at the time of the execution of said note were living together, as such, at Newark, S. D.; that the consideration for said note was a pre-existing debt of the defendant Herbert S. Purchase; that no part of the

consideration for said note inured for the benefit of the defendant Rhoda Purchase, or her separate estate; and that by signing said note she did not thereby intend to bind her separate estate." The court found the facts substantially as alleged in the paragraph of the answer quoted, and therefrom stated his conclusions of law as follows: "Second. The said note, as to Rhoda Purchase is void, and of no force and effect; and it is ordered that, this action, as to her, be dismissed, and that she have judgment of dismissal, and for her costs and disbursements." Upon these findings and conclusions of law, judgment was rendered dismissing the action as to the defendant Rhoda Purchase.

The only question presented is, did the court err in his conclusion of law, and in dismissing the action as to the defendant Rhoda Purchase? This case, as to the pleadings, findings of fact, conclusions of law, and judgment, is substantially the same as was that in the case of Mortgage Co. v. Bradley, 55 N. W. 1108 (recently decided by this court), and must be ruled by the decision in that case. As that case was decided upon a very full consideration, we do not deem it necessary to again discuss the question decided therein. We shall therefor make substantially the same order that was made in that case. The judgment of the circuit court in favor of the defendant Rhoda Purchase is reversed and the cause remanded, with directions to the said court to modify the second conclusion of law to make it conform to this opinion, and to enter judgment in favor of the plaintiff, and against the said Rhoda Purchase.