Farmers State Bank v. Butler.

FARMERS STATE BANK, APPELLEE, V. HARRY BUTLER ET AL., APPELLANTS.

FILED OCTOBER 2, 1917.   No. 19582.

1. **Contracts:** MARRIED WOMEN: FOREIGN CONTRACTS. Our statute, so far as it limits the right of a married woman to contract except in reference to her separate property, has no application to a note executed in and governed by the laws of another state, where she "may make any contract, which she could make if unmarried, and shall be bound thereby."

2. **Pleading:** ACTION ON NOTE. If the plaintiff, in addition to the necessary allegations in a petition upon a promissory note, alleges that he is an innocent purchaser thereof for a valuable consideration before maturity, such allegation does not constitute his cause of action. It is a plea in avoidance of anticipated defenses, and is usually reserved for the reply.

3. ———: ———. In such case, if the defendant answers special defenses against the note, the plaintiff in reply may allege facts in avoidance of such defenses.

4. **Evidence:** EXPERT EVIDENCE: QUESTIONS OF LAW. The question whether an offered title is marketable may be a question of mixed law and fact, but is generally a question of fact. When questions of law are involved, expert testimony is peculiarly applicable.

5. **Appeal:** LAW ACTION: FINDINGS BY COURT. When, in a jury trial, the trial court with the consent of all parties tries a particular question of fact involved, his finding thereon will be entitled to the same force as a finding of the jury, and will not be disturbed upon substantially conflicting evidence unless clearly wrong.

6. **Trial:** DIRECTION OF VERDICT. When there is no substantial conflict in the evidence upon matters to be submitted to the jury, so that a verdict for the defendant upon those matters could not be sustained, it is the duty of the court to instruct for the plaintiff upon those issues.

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Matt Miller,* for appellants.

*Hastings & Coufal* and *Sasse & French, contra.*

SEDGWICK, J.

This action was brought in the district court for Butler county upon a promissory note executed by these defendants, in which the Morden Land & Loan Company of Minneapolis was named as payee. The plaintiff in the petition set out the promissory note, and alleged that the payee named therein indorsed, transferred and delivered the note to the Drake & Ballard Investment Company, and that that company thereafter indorsed and delivered the note to the plaintiff. The petition then alleged: "That the plaintiff so purchased said note, before maturity, in the usual course of trade, for a valuable consideration, in ignorance of facts, if any existed, which would affect its force as between the original parties to it, and is an innocent, *bona fide* purchaser thereof."

The defendant Viola Butler answered that she was a married woman, and that she did not receive any consideration for the note, and did not execute the same with reference to her separate estate. To this answer the plaintiff replied that the note was a Minnesota contract, and under the laws of Minnesota a married woman "may make any contract, which she could make if unmarried, and shall be bound thereby," except conveyances and contracts for the sale of real estate, which are specially provided for. This allegation does not seem to be seriously controverted, and this special defense under the laws of Minnesota does not seem to be available.

The defendant Harry Butler answered setting up a failure of consideration for the note and other substantive defenses, and to this answer the plaintiff replied repeating the allegation that it was an innocent purchaser of the note, and alleging other matters in the way of avoidance of the special defenses pleaded. The defendant then moved to strike out these allegations of the reply on the alleged ground that they were "departure from the original cause of action." The defendant states in the brief: "The cause of action alleged in the petition is that the plaintiff is the owner of the note in question, having purchased the same

before maturity for a valuable consideration, in the usual course of trade, in ignorance of facts, if any existed, that would affect its force between the original parties to it, and is an innocent, *bona fide* purchaser thereof, \* \* \* and cannot recover, except as the owner of the note, an innocent purchaser thereof for a valuable consideration, and, if he fails in this, then he cannot recover upon any other grounds, nor upon any matters alleged in the reply."

We cannot agree with this proposition. The cause of action alleged in the petition was the promissory note, and when the defendant pleaded special facts that he claimed rendered the note invalid for any reason, the plaintiff might in reply avoid these facts. "The office of a reply is to deny the facts alleged in the answer as a defense, or to allege matters in avoidance of such defense not inconsistent with the cause of action set out in the petition." *Plummer, Perry & Co. v. Rohman,* 61 Neb. 61. The motion to strike these matters out of the reply and the demurrer to the reply upon these grounds were properly overruled.

The note was given as part of the purchase price of a farm in Dodge county, Minnesota. The contract between the parties, in pursuance of which the note was given, provided that the payee in the note should furnish an abstract showing a merchantable title in the land; and the defendant alleges, and there is evidence tending to prove, that the note was delivered to an officer of the payee company upon the express agreement that it should not become the property of the payee until an abstract was furnished showing a marketable title. The evidence shows without contradiction that the note was indorsed and delivered to this plaintiff, and that the plaintiff paid full consideration therefor, and is therefore the owner of the note. So that the defendant correctly says in the brief: "What is a marketable title? That is the only question for the court to answer; that is the only question that the court can answer." If the abstract showed a marketable title, then the delivery of the note was properly made, and the terms of the contract in that respect have been com-

plied with. The defendant quotes from 26 Cyc. 819, a definition of a marketable title, in which it is said that it is "a title which a reasonable purchaser, well informed as to the facts and their legal bearings, willing and anxious to perform his contract, would, in the exercise of that prudence which business men ordinarily bring to bear on such transactions, be willing and ought to accept." The defendant's objections to the abstract are principally predicated upon questions of jurisdiction of the probate court to probate the will of one John W. Allen, through whose estate the title came, which was admitted to probate in 1874. Defendant says that the abstract "is silent as to all jurisdictional facts, no petition for the probate of the foreign will being attached to the abstract," and he then recites that it does not appear that the proceedings were in the proper county; it does not appear that it was offered for probate by the right person; it does not appear that the claims against the estate nor the legacies were paid; it does not appear that the executors of a subsequent estate through which the title passed "were qualified and acting at the time they purported to deed this property."

The case was tried to a jury, and the court instructed the jury to find a verdict for the plaintiff. The plaintiff requested at the trial that the question whether or not the title shown by the abstract was a marketable title should be tried by the court. The defendant conceded this, and the question was so tried and the court found that issue for the plaintiff. The question whether an offered title is marketable is sometimes difficult to determine. It may be a question of mixed law and fact, but is generally a question of fact.

The plaintiff produced several witnesses who testified fully and clearly that these matters and other similar matters suggested by the defendant did not discredit the title or render it unmarketable. Among these witnesses was a former chief justice of the supreme court of Minnesota, and other fully qualified witnesses. It may be said that there was some conflicting evidence. The defendant produced a

witness who testified as an expert that he did not consider the title marketable, but he failed to show any unusual familiarity with such matters; and at all events it must be found that the evidence was at least substantially conflicting in favor of the finding of the trial court, and, being an ordinary action at law, that finding must be upheld unless clearly wrong. We conclude that the finding that the offered title was marketable is sufficiently supported.

When there is no substantial conflict in the evidence upon matters to be submitted to the jury, so that a verdict for the defendant upon those matters could not be sustained, it is the duty of the court to instruct for the plaintiff upon those issues. This renders it unnecessary to inquire whether this plaintiff was an innocent purchaser of the note, as the defense relied upon failed even as against the original payee.

The judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.