CHRISTIAN, Appellant, v. BOEPPLE (Rosa Boeple, Respondent).

(175 N. W. 194.)

(File No. 4572. Opinion filed December 16, 1919. Rehearing denied January 13, 1920.)

1. Mortgages—Merchandise Sale to Husband, Note, Mortgage on Homestead, to Secure Payment—Husband's Representations to Wife Re Purpose of Mortgage Re Personal Responsibility, Unknown to Vendor, Effect Re Wife's Liability.

　　Where husband and wife executed a note and a mortgage on the homestead to plaintiff as security for payment for merchandise sold the husband; husband having, without plaintiff's knowledge, represented to wife, in order to secure her signature, that it was necessary for purpose only of making mortgage valid against homestead, and that she or her separate

property did not thereby become personally liable, held, that plaintiff having taken the security without knowledge of any such understanding, and believing it created personal liability against wife and her estate, she was liable under a deficiency judgment rendered after foreclosure sale; there being no evidence or finding to sustain her allegation that she would not have executed the papers had she not believed her husband's representations.

2. **Agency—Wife's Execution of Security to Plaintiff for Husband's Debt—Husband's Representations Re Purpose of Her Signature, Non-knowledge of By Plaintiff—Insufficiency of Evidence Re Agency.**

Finding by trial court, on motion by defendant wife to set aside default deficiency judgment after foreclosure on homestead, that, in procuring wife's execution of note and mortgage, defendant husband was acting as agent for plaintiff, and plaintiff was bound by representations of husband that wife's signatures were wanted for purpose only of making mortgage valid against homestead and that her signature did not render her or her other property liable, was unsupported by evidence, there being none that plaintiff had knowledge of any such representations as inducements to wife's execution of the papers, hence no fact authorized holding that wife was not bound on her contract.

Appeal from Circuit Court, Hutchinson County. Hon. ROBERT B. TRIPP, Judge.

Action by George C. Christian against Christopher Boepple and Rosa Boepple, his wife, to foreclose a mortgage on the homestead; deficiency judgment by default having been rendered for balance due after foreclosure sale. From an order denying motion to open default as to wife, and to set aside deficiency judgment as against her and her separate estate, she appeals. Judgment and order reversed.

*W. F. Bruell,* for Appellant.

No appearance for Respondent.

(1) To point one of the opinion, Appellant cited: Wicks v. Metcalf (Oreg.), 163 Pac. 434; Nelson v. McDonald (Wis.), 50 N. W. R. 893; Upton v. Tribilock, 23 U. S. Law Ed. 203.

POLLEY, J. Defendants, Christopher and Rosa Boepple, are husband and wife. Christopher Boepple was largely indebted to plaintiff for merchandise purchased by him from plaintiff. Plaintiff refused to extend further credit unless security for the existing debt were given. Christopher Boepple

owned certain real property that was occupied by himself and wife as a homestead, and his wife owned other real property. That latter fact was known to plaintiff. Plaintiff prepared a note and a mortgage on defendant's homestead and sent them to Christopher Boepple to be executed by himself and wife. Boepple presented the note and the mortgage to his wife and, to get her to execute them, stated and represented to her that her signature was necessary for the purpose only of making the mortgage valid against the homestead, and that, by signing the note and the mortgage, she would not thereby become personally liable for the payment of the debt, nor would her separate estate become liable for the payment thereof. With this understanding she executed the note and the mortgage, which were then returned to and received by plaintiff, but without knowledge of the representations that had been made to secure the execution thereof by Rosa Boepple. This action was brought to foreclose the mortgage. Both defendants defaulted. Decree of foreclosure was entered and the mortgaged property sold; but it did not bring enough to pay the debt, and a deficiency judgment for the balance was entered against both defendants. Plaintiff then proceeded to levy upon and to sell Rosa Boepple's separate estate. When this fact became known to her, she moved the court to open up the default as to her, and asked that the deficiency judgment be canceled as against her and her separate estate. The default was set aside as prayed for by her, and, upon a trial of the case, the deficiency judgment against her was set aside and final judgment to that effect entered. From this judgment, plaintiff appeals.

Numerous exceptions were taken to the rulings of the court, including the order setting aside the default; but the only question involved is whether the respondent, under the above state of facts, is entitled to be relieved from the deficiency judgment.

[1] Respondent claims that she executed the note and the mortgage with the understanding that she was merely surrendering her homestead right in her home, and that the execution thereof was not to create a personal liablity against herself or her separate estate. On the other hand, plaintiff took the note and the mortgage without knowledge of any such understanding,

believing, in good faith, that they did create a personal liability, against respondent and against her separate estate. She alleged in her amended answer that she would not have executed said note and mortgage if she had not believed the representations made to her by her husband, to the effect that, by the execution thereof, she would not become personally liable thereon. There is no evidence in the record to support this allegation, and no finding of fact by the court that such allegation is true. For all that appears in the record, it cannot be said that respondent would not have executed said note and mortgage if no such representations had been made.

[2] The trial court found that, in procuring the execution of the note and mortgage by respondent, the defendant Christopher Boepple was acting as agent for plaintiff, and that plaintiff was bound by the representations that were made by such defendant. There is no evidence in the record to support this finding, and the plaintiff never authorized Christopher Boepple to make any representations of any knd to his wife. It is not claimed that plaintiff had knowledge that any representations had been made to induce respondent to execute the note and mortgage. There was therefore no fact authorizing the trial court to hold that respondent was not bound on her contract. The extent of her liability on the note is controlled by the holdings of this court in Colonial & U. S. Mtg. Co. v. Bradley, 4 S. D. 158, 55 N. W. 1108; Miller v. Purchase, 5 S. D. 232, 58 N. W. 556; Granger v. Roll, 6 S. D. 611, 62 N. W. 970.

Respondent having failed to show a defense to the note in question, it follows that the court erred in opening the default and setting aside the judgment entered thereon.

The judgment and order appealed from are reversed.