LA DUE, Respondent, v. BIRD et al, Appellant.

(215 N. W. 490.)

(File No. 5600.   Opinion filed October 11, 1927.)

1.  Husband and Wife—Wife, Having Signed Purchase-Money Note
    with Husband Before Delivery Thereof to Husband's Vendor,
    Was Equally Bound with Husband to Pay It (Rev. Code 1919,
    § 171).  .

    Where note was given as part of purchase price of land
    which, as to husband, was a valuable and full consideration,
    and where wife signed note before its delivery to husband's
    vendor, it was immaterial whether she signed land purchase
    contract with her husband, and under Rev. Code 1919, § 171,
    she was equally bound with him to pay it.

2.  Husband and Wife—Wife Signing Note with Husband Before De-
    livery to Husband's Vendor Became Liable Thereon as Accom-
    modation Maker as Against Holder for Value.

    Where a married woman signed note, which was delivered to
    vendor of land by her husband as part of purchase price there-
    of, she became liable on note as an accommodation maker as
    against a holder of the note for value.

3.  Husband and Wife—Where Husband and Wife Are Joint Makers
    of Note, Consideration Running to Husband Alone is Sufficient
    Consideration for Her Signature.

    Where husband and wife were joint makers of a note, a con-
    sideration running to the husband alone is a sufficient consid-
    eration for the wife's signature.

4.  Bills and Notes—Where Plaintiff's Decedent Was Holder of Note
    in Due Course, Burden of Proof Did Not Shift to Plaintiff
    (Rev. Code 1919, §§ 1756, 1759).

    In action against husband and wife on note given for part
    of price of land where plaintiff's title was not defective, under
    Rev. Code 1919, § 1759, and plaintiff's decedent was a holder
    in due course, under section 1756, burden of proof did not
    shift to plaintiff.

5.  Witnesses—Witness Held Not Interested Under Guaranty of Note
    so as to Require Submission of Truth of His Statement to
    Jury.

    Where, in action by executor on note given by husband and
    wife for price of land, plaintiff was witness to prove his de-
    cedent was purchaser of note in due course, witness was not
    so vitally interested under his guaranty of the note so as to
    require submission of truth of statement on material matter
    to jury.

6. **Bills and Notes—Provision that Note Becomes Due Without Further Notice at Option of Holder Held Not to Render It Nonnegotiable (Rev. Code 1919, §§ 1705, 1708).**

Provision that, in case of default of payment of note or interest, principal becomes due without notice, "at option of holder," held not, where default has occurred, to render note nonnegotiable, under Rev. Code 1919, §§ 1705, 1708.

Note.—See, Headnote (1), American Key-Numbered Digest, Husband and Wife, Key-No. 85(6), 30 C. J. Sec. 358; (2) Bills and notes, 8 C. J. Secs. 343, 410, Husband and wife, Key-No. 85(6), 30 C. J. Sec. 588; (3) Husband and wife, Key-No. 85(6), 30 C. J. Sec. 352; (4) Bills and notes, Key-No. 491, 8 C. J. Sec. 1294; (5) Witnesses, Key-No. 364, 40 Cyc. 2654; (6) Bills and notes, Key-No. 155, 8 C. J. Sec. 240.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by A. D. La Due, executor of the last will and testament of A. E. Spalding, deceased, against Anna Bird and another. Verdict for defendant named. From a judgment for plaintiff nothwithstanding verdict against both defendants, and from an order denying a motion for a new trial, the named defendant appeals. Judgment and order affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, and *Hansen & Engan,* of Luverne, Minn., for Respondent.

SHERWOOD, J. This is an action brought by the executor of an indorsee of a promissory note against the makers, T. J. Bird and Anna Bird, his wife. It was conceded at the trial that plaintiff was entitled to a verdict and judgment against T. J. Bird for full amount due on the note and for costs.

The defendant, Anna Bird, in her answer admitted the execution of the note, but denied all other allegations of the complaint and alleged the note was, as to her, without consideration. At the trial she testified:

"My husband brought me the paper, Exhibit C [the note in suit], and asked me to sign it. I signed it. Did not read it. Did not get anything for it. My husband did not give me any part of the place or anything. I signed the mortgage. Did not know what I was signing, but thought it necessary to sign the paper when my

husband gave it to me. I am a housekeeper and lived on a farm in Marcus, Iowa, before moving to Sioux Falls."

. On cross-examination she said:

"When my husband asked me to sign the note in question he said, 'There is some papers that he would like that I put my signature on them all.' All the property which myself and my husband have is in my name."

T. J. Bird testified concerning this transaction:

"I never gave my wife anything for signing this note and mortgage. Just asked her to sign it * * * the reason I asked my wife to sign * * * was that Mr. Vandemore told me to get my wife to sign it."

There was some record evidence tending to show the non-negotiability of the note; also, that Anna Bird was not a party to the original contract of purchase, and therefore not obligated to sign the note. This record testimony will be considered later in reference to the other assignments of error.

The foregoing testimony is, in substance, all the testimony given in support of Anna Bird's defense to her signature on the note. At the close of the trial plaintiff moved for a directed verdict against both defendants for amount of the note and interest. Defendant resisted the motion.

The court instructed the jury that plaintiff was entitled to a verdict against defendant T. J. Bird; that if the jury found Anna Bird received no consideration for signing the note, they should find a verdict in her favor and against the plaintiff.

Three forms of verdict were sent out to the jury, one in favor of the plaintiff and against both defendants, amount left blank; one in favor of plaintiff and against T. J. Bird, amount left blank; and one in favor of defendant Anna Bird. The jury was further instructed if they found in favor of Anna Bird, they must also find a verdict against the defendant T. J. Bird. Timely exception was taken by plaintiff to these instructions.

On June 26, 1923, the jury rendered a verdict in favor of Anna Bird on all the issues; also a verdict against T. J. Bird for $10,464.39, the amount due on the note. Thereupon plaintiff moved the court for judgment against both defendants notwithstanding the verdict in favor of Anna Bird. This motion was granted and judgment entered against both defendants for $10,464.39.

Thereafter defendant Anna Bird moved for a new trial on two grounds:

(1)   Insufficiency of the evidence to justify the judgment.

(2)   That the judgment is contrary to law.

This motion was denied, and from the judgment and order denying a new trial defendant Anna Bird has appealed.

Appellant contends two questions are presented by this record:

(1)   Did defendant Anna Bird receive any consideration for signing the note?

(2)   Was plaintiff's decedent a holder of the note in due course?

Appellant argues that the jury has found the note was signed by Mrs. Bird without consideration, and, "it might not be inappropriate to say, as the result of fraud and duress"; that Mr. Bird, alone, signed the contract to buy the land and after he had made two payments on the contract, aggregating $18,000, and was entitled to a deed, Vandemore demanded Mrs. Bird's signature. "It was then the husband placed such note and mortgage before her, with the request that she sign on the dotted line."

A complete answer to part of the this argument is: There is not the slightest evidence of any msirepresentation or fraud in this record, and there is just as little evidence of duress.

[1]   Upon the question of consideration for the note it is admitted the note was given as a part of the purchase price of a tract of land; that as to T. J. Bird the land was a valuable and full consideration for the note. It is undisputed that Anna Bird signed the note before it was delivered to Vandemore, who sold the land to Bird. Under these facts, it is immaterial whether or not she signed the contract with her husband to buy the land. She signed his note before it was delivered.

[2]   If the entire consideration afterward went to her husband, it was still a sufficient consideration as to her, and she was equally bound with him to pay the note by reason of the provisions of section 171, R. C. 1919, and cases cited below. She would also be liable on the note as an accommodation maker, Spaulding being admittedly a holder of the note for value. Altfillisch v. McCarty, 49 S. D. 203, 207 N. W. 67, 48 A. L. R. 1270; Joyce, Defenses to Commercial Paper, § 116, p. 171; Dages v. Lee, 20 W. Va. 584, 586; Way v. Peck, 47 Conn. 23; Martin v. Yager, 153 N. W. 286,

30 N. D. 577. "Consideration from the payee to the maker of a note will support the liability of a * * * comaker." 7 Cyc. 690, § a, subdiv. 2; and see cases cited under note 96, same section.

While the question of consideration was not specifically presented in either of the following cases, this court has held by an unbroken line of authorities that:

A "wife executing a promissory note with husband is liable thereon, though note given for husband's individual debt." Col. & U. S. Mort. Co. v. Bradley, 4 S. D. 158, 55 N. W. 1108; Miller v. Purchase, 5 S. D. 232, 58 N. W. 556; Granger v. Roll, 6 S. D. 611, 62 N. W. 970; Col. & U. S. Mort. Co. v. Stevens, 3 N. D. 265, 55 N. W. 578.

[3] We therefore hold that where a husband and wife are joint makers of a note, a consideration running to the husband alone is a sufficient consideration for the wife's signature.

[4] It follows from what has been said that there was a consideration for the note running to defendant Anna Bird; that the plaintiff's title was not defective, under section 1759, R. C. 1919, and that plaintiff's decedent was a holder of said note in due course under section 1756, R. C. 1919. The burden of proof therefore did not shift to the plaintiff, and the authorities cited under that part of appellant's argument are not applicable to the facts in this case.

[5] It is appellant's next contention that because the note was guaranteed by Mr. La Due and Mr. Main, and Mr. La Due as the executor of plaintiff, was a witness to prove that his decedent was purchaser of the note in due course, therefore, Mr. La Due being "vitally interested under his guaranty upon the question at issue, his interest * * * requires the submission of the truth of this statement on a material matter to the jury."

The cases cited by appellant to sustain this proposition are all cases where fraud was established in the inception of the paper, or where the title of plaintiff was defective. As we have seen, there was no fraud in the inception of this paper, and the title of plaintiff was not defective. Therefore the cases are not applicable to the facts in this case.

[6] The only remaining question raised by appellant is as follows:

"This note closes with the provision that, in case of any default in the payment of the note or interest, the principal shall at once become due without further notice, 'at the option of the holder.' "

It is appellant's contention that the words rendering the note due "at the option of the holder," where a default has occurred, rendered the note nonnegotiable, under sections 1705 and 1708, R. C. 1919.

It is conceded by appellant that this court in Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859, has decided this precise question against his contention, but appellant urges that such decision should be overruled as not being in conformity with the sections above cited. But a careful re-examination of the authorities leads us to the conclusion that appellant is wrong in his contention. We think the case of Merrill v. Hurley, supra, is not only sustained by the greater weight of authority, but by the best reasoning, and we are satisfied with the opinion of the court as there expressed. Chicago Ry. Equipment Co. v. Bank, 136 U. S. 268, 10 S. Ct. 999, 34 L. ed. 349 (West Pub. Co. Ed., vol X, p. 999) ; Roberts v. Snow, 27 Neb. 425, 43 N. W. 241; Heard v. Bank, 8 Neb. 10, 30 Am. Rep. 811; De Hass v. Roberts (C. C.), 59 F. 853; Ernst v. Steckman, 74 Pa. St. 13, 15 Am. Rep. 542; 8 C. J. § 240; 3 R. C. L. § 97, p. 909.

There being no error in the record, the judgment and order appealed from are affirmed.

POLLEY and BURCH, JJ., concur.

CAMPBELL, P. J., and GATES, J., concur in the result upon the ground that plaintiff is admittedly a holder for value, whether or not he is a holder in due course, and Anna Bird, being an accommodation party, is liable to him. Altfillisch v. McCarty, 49 S. D. 203, 207 N. W. 67, 48 A. L. R. 1270.