FERRELL, Respondent, *v.* ELLING, Cross-complainant and Appellant, *v.* FERRELL et al., Respondents.

(No. 6,405.)

(Submitted February 18, 1929. Decided March 19, 1929.)

[276 Pac. 432.]

*Mr. M. M. Duncan* and *Messrs. Stewart & Brown,* for Appellant, submitted a brief; *Mr. Duncan* and *Mr. John G. Brown* argued the cause orally.

*Mr. George Y. Patten,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Joseph Ferrell and Alice Ferrell are husband and wife, and plaintiff, Lewis J. Ferrell, is their son. C. W. Ferrell is a brother of Joseph Ferrell.

In 1917 Joseph Ferrell bought a house and lot in Bozeman. On February 5, 1921, he transferred the property without consideration to his wife, Alice Ferrell. On January 19, 1924, Joseph Ferrell and Alice Ferrell transferred it to plaintiff without consideration, the deed being placed of record, on January 22, 1925. The property was used ever since its purchase in 1917 as the family home, until in April, 1924, when it was leased to W. J. Duncan. On April 2, 1926, a writ of attachment, issued in an action wherein Harrison C. Elling was plaintiff and Joseph Ferrell and C. W. Ferrell, copartners, were defendants, was levied on said property. Another attachment was levied on the same property in October, 1926, in an action brought by Harrison C. Elling against Joseph Ferrell, Alice Ferrell, and C. W. Ferrell. These attachments furnish the cause for this action, which was commenced by plaintiff to quiet title to the property.

The complaint alleges that plaintiff is the owner and in possession of the property and that defendant Harrison C. Elling claims and asserts some interest therein by virtue of a certain levy of attachment issued in an action brought by him in Madison county against Joseph Ferrell and C. W. Ferrell, copartners. It is alleged that at the time of the levy of the attachment, Joseph Ferrell had no right, title, or interest in the property in question and that the purported levy was and is void.

The defendant Harrison C. Elling filed an amended answer and cross-complaint against Joseph Ferrell, Alice Ferrell, and C. W. Ferrell, in which he denied plaintiff's ownership and possession of the property involved, and alleged that Joseph Ferrell was the legal and equitable owner thereof, and that

his attempted conveyances were voluntary and without consideration and in fraud of the rights of defendant Elling. By way of cross-complaint the answer alleged that on May 28, 1920, Joseph and C. W. Ferrell executed and delivered to the Morris State Bank of Pony a note in the sum of $2,000, bearing eight per cent interest, and on December 23, 1920, another note for $2,000; that on the date of execution of the notes, respectively, one was sold to the defendant Harrison C. Elling and the other to Mrs. M. M. Duncan. Later Mrs. Duncan sold hers to the defendant Harrison C. Elling. These notes were merged in judgment in the district court of Madison county in the action out of which one of the writs of attachment in question issued. It is further alleged: That on April 1, 1922, Joseph Ferrell, Alice Ferrell, and C. W. Ferrell made and delivered to the Morris State Bank of Pony their promissory notes, one for $10,000 and the other for $5,000, both bearing eight per cent interest. The $10,000 note was sold to defendant Elling, and the $5,000 note to Mrs. M. M. Duncan. That later Mrs. Duncan sold the $5,000 note to the defendant Elling. That the notes were subsequently and on November 17, 1926, merged in judgment in the district court of Madison county. Attachment was issued in that action and levied upon the Bozeman property here involved on October 23, 1926. Certified transcripts of the docket of the judgments were filed with the clerk of the district court in Gallatin county. It is alleged that the attempted transfers of the property in question by Joseph Ferrell to his wife, Alice Ferrell, and by Joseph and Alice Ferrell to plaintiff, were fraudulent and made for the purpose of hindering, delaying, and defrauding the defendant Elling and the other creditors of Joseph Ferrell and Alice Ferrell. The cross-complaint alleges also that after the judgments were filed and docketed in Gallatin county, executions thereon were issued and returned wholly unsatisfied, and that Joseph Ferrell and Alice Ferrell at all times since the making of the deeds in question, and prior thereto, were insolvent and without money or property suffi-

cient to pay their debts without the property fraudulently attempted to be conveyed by them.

The reply of Lewis J. Ferrell and his answer to the cross-complaint admit the making of the notes referred to in the answer and cross-complaint, the issuance and levy of the attachments in question, the entry of judgments in the actions in Madison county, the filing of the certified transcripts thereof in Gallatin county, the making of the deed by Joseph Ferrell to Alice Ferrell and by Joseph and Alice Ferrell to plaintiff, that plaintiff asserts title to the property by virtue of the latter deed, that the cross-defendants are without sufficient money or property to pay their debts, and deny the remaining allegations of the answer and cross-complaint.

Alice Ferrell filed separate answer, and Joseph and C. W. Ferrell joined in a separate answer, containing substantially the same admissions and denials as that of Lewis J. Ferrell.

The cause was tried to the court sitting without a jury. Findings and judgment went in favor of plaintiff, and this appeal was taken by the defendant Elling.

A number of the assignments of error raise the question of the correctness of the court's findings that the deed of February 5, 1921, from husband to wife, and the deed of January 19, 1924, from the father and mother to the son, were not void as in fraud of creditors.

The evidence shows, and the court found, that the deeds were without any money consideration, but "were made for good consideration of love and affection." A conveyance in consideration of love and affection only is to be treated merely as voluntary. (*Hale* v. *Belgrade Co.*, 75 Mont. 99, 242 Pac. 425.) A transfer, however, may not be adjudged fraudulent "solely on the ground that it was not made for a valuable consideration." (Sec. 8606, Rev. Codes 1921.) Transfers between near relatives are to be rigidly scrutinized (*Edenfield* v. *C. V. Seal Co.*, 83 Mont. 49, 270 Pac. 642), but in addition to a lack of consideration, before they may be adjudged in fraud of creditors, there must be a showing that

the indebtedness to the complaining creditor was in existence at the time of the transfer complained of, and that the grantor was insolvent at the time of the transfer or did not reserve sufficient property subject to immediate seizure to satisfy his then existing debts (*Dick* v. *King*, 80 Mont. 40, 257 Pac. 1022; *Security State Bank* v. *McIntyre*, 71 Mont. 186, 228 Pac. 618; *National Bank of Anaconda* v. *Yegen*, 83 Mont. 265, 271 Pac. 612).

The court found that on February 5, 1921, when the deed from husband to wife was made, the husband was the owner and holder of property of a value in excess of any indebtedness owing by him at that time. Accepting this as true, the property passed to Alice Ferrell at that time by virtue of that deed, and this was the view entertained by the lower court. No finding was made by the court as to whether Joseph Ferrell retained sufficient property at the time of making the transfer on January 19, 1924, to satisfy his existing debts. It did find, however, and the evidence shows, that Alice Ferrell at that time had no property of her own save that held by her under the deed of February 5, 1921, the same being the property here involved. The court took the view, as disclosed by the findings, that Joseph Ferrell had no interest in the property in question in January, 1924, but simply joined in the deed because of his being the husband of Alice Ferrell. The court also took the view, as shown by the findings, that Alice Ferrell assumed no indebtedness of her own when she joined in executing notes and mortgages with her husband, but that she simply signed them because she was the wife of Joseph Ferrell and for the purpose of hypothecating her inchoate rights as his wife. The correctness of the latter finding is challenged by the defendant Elling.

The record discloses, and the answers to the cross-complaint of the defendant Alice Ferrell and of plaintiff, Lewis J. Ferrell, admit, that on April 1, 1922, Alice Ferrell and her husband, Joseph Ferrell, and C. W. Ferrell executed and delivered to the Morris State Bank of Pony one note for the sum of

$10,000 and another for $5,000, and that Harrison C. Elling is the holder and owner thereof, the same having been sold and assigned to him.

In this state a married woman may make contracts in the same manner and with like effect as if she were a single woman. .(Section 5811, Rev. Codes 1921.)   When she joins her husband in the making of a note and mortgage she makes the debt her own.   (*Grasswick* v. *Miller,* 82 Mont. 364, 267 Pac. 299.)   Under statutes such as ours a married woman has generally been held to assume a personal liability when she joins in the execution of a note with her husband.   (30 C. J. 734, notes 2, 3, and 4; *Bank of Kenton* v. *Preble,* 87 Or. 230, 170 Pac. 302; *First Savings Bank* v. *Flournoy,* 24 N. M. 256, 171 Pac. 793; *La Due* v. *Bird,* 51 S. D. 507, 215 N. W. 490; *Farmers' State Bank of Hayfield* v. *Butler,* 101 Neb. 635, 164 N. W. 562; *City Bank & Trust Co.* v. *Atwood,* 197 Mich. 116, 163 N. W. 941; *Baer* v. *Terry,* 105 La. 479, 29 South. 886; *People's Savings Bank* v. *Howson,* 171 Ark. 675, 286 S. W. 865.)   It is true that Alice Ferrell testified on cross-examination that the only reason she signed the notes was because she was told that, being the wife of Joseph Ferrell, she should sign them.   This evidence, however, does not warrant a finding that she assumed no liability on the notes.   It is substantially the equivalent of that held not to relieve the wife of responsibility in the case of *Mulany* v. *Murray,* 68 Mont. 245, 216 Pac. 1105.   Furthermore, the personal liability of Alice Ferrell on the notes in question was established by the judgment of the court in Madison county in the action brought by the defendant Harrison C. Elling against Joseph Ferrell, Alice Ferrell, and C. W. Ferrell.

The court erred in finding that Alice Ferrell signed the notes in question for the purpose of hypothecating her inchoate rights as the wife of Joseph Ferrell, and by impliedly holding that she assumed no personal liability because thereof.

Holding, as we do, that Alice Ferrell became responsible with her husband on the notes in question, and taking into

consideration the facts as disclosed by the record that the co-makers of the notes were unable to pay their debts and did not have sufficient property out of which the claim of Harrison C. Elling could be satisfied, and since she had no other property than that here involved, it follows that the deed of January 19, 1924, executed to her, was in fraud of her creditors. (*National Bank of Anaconda* v. *Yegen*, supra.)

The court found that no credit was extended to Alice Ferrell, or to Joseph Ferrell, or to C. W. Ferrell, because of any property or financial responsibility of Alice Ferrell. This finding, if supported by the evidence, does not alter the right of the defendant Elling as a creditor of Alice Ferrell to attack the conveyance made by her. Under section 8603, Revised Codes of 1921, "every transfer of property * * * with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor."

The record discloses that Harrison C. Elling was a creditor of Alice Ferrell at the time of the transfer on January 19, 1924. He became such creditor at a time when she owned the property here involved. It is of no consequence that no credit was extended to Alice Ferrell or the other makers of the notes because of her ownership of this property. Her creditors were entitled to resort to this property to enforce their demands. The voluntary transfer by her of all of her property was fraudulent as to creditors, and this whether credit was extended because of the property or not. A creditor who has given credit upon the strength of apparent ownership of property stands in a stronger position as a matter of equity than one who has not, but the fact that no credit was extended by the creditor because of the apparent ownership of the property by the debtor of itself does not defeat the creditor's right to question the good faith of the transfer. (*Iauch* v. *DeSocarras*, 56 N. J. Eq. 538, 39 Atl. 370.)

The courts look with disfavor upon conveyances between relatives when they are a fraud upon creditors, and, hence,

construe statutes such as our section 8603, supra, liberally "so as to include within their protection all persons who have interests of which they may be defrauded." (12 R. C. L., pp. 490, 491.) The term "creditor," as used in section 8603, is not limited to those who have extended credit on the apparent ownership of the property transferred, but embraces all creditors. The only limitation upon the right of creditors to avoid fraudulent conveyances is that found in section 8605, which provides: "A creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement, by legal process, of his right to take the property by the transfer or obligation." Here that requirement has been met by the creditor Elling, who has reduced his claim against Joseph Ferrell, Alice Ferrell, and C. W. Ferrell to judgment, levied an attachment upon the property in question, and caused executions to be issued against all three of these parties, in both Gallatin and Madison counties, which were returned unsatisfied. (*Edenfield* v. *Seal Co.*, supra.)

Counsel for plaintiff contends, also, that defendant Elling in his answer alleged that Joseph Ferrell is the true owner of the property here involved and that he is bound by that theory and may not now assert that Alice Ferrell was the owner thereof in January, 1924, when she attempted to convey it to her son. The amended answer and cross-complaint, however, contained this allegation: "That said premises are and were at all times herein mentioned and referred to in truth and in fact owned and possessed by Joseph or Alice Ferrell, or both of them." We think the pleadings are open to the construction that defendant relied upon the invalidity of either or both of the deeds in question. If a pleading states sufficient facts upon any theory it will not be subject to attack after judgment upon technical grounds. (*Edenfield* v. *Seal Co.*, supra; *Dahlberg* v. *Lannen*, ante, p. 68, 274 Pac. 151.)

It follows, therefore, that since the deed of January 19, 1924, was void as in fraud of the creditors of Alice Ferrell, and

since plaintiff's rights are founded solely on that deed, the court erred in quieting title to said property in plaintiff. Since the attachment and judgment in the case involving the two notes of $2,000 each does not affect Alice Ferrell or her property, the court properly held that they are ineffectual to fasten any lien upon the property here involved. But since the attachment and judgment in the action based upon the notes for $10,000 and $5,000, respectively, affect Alice Ferrell and her property, they are held to constitute valid liens upon the property here involved, superior to any right or claim shown by plaintiff.

The judgment is reversed and the cause remanded, with direction to enter judgment for the defendant Harrison C. Elling in accordance with the views herein stated.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

Rehearing denied April 10, 1929.